# FRANKLIN COUNTY.

## COMMONWEALTH *vs.* EDWARD G. ELLIOT.

At the trial of an indictment, an instruction to the jury that it was for them to determine whether a witness was an accomplice or not, cannot be held erroneous because the bill of exceptions states that the case was argued to the jury by both sides on the ground that the witness was an accomplice.

At the trial of an indictment for breaking into a shop at night, evidence that a party of persons, among whom the defendant and A. B. were recognized, were seen at a late hour of the night near the shop, is corroborative of an accomplice who has testified that he was then and there with the defendant and A. B.

INDICTMENT charging the defendant with breaking and entering the shop of Albert W. Crafts, in Ashfield, on the night of October 27, 1871, with the intent to steal, and stealing and carrying away, among other things, one pound weight of candy and 100 cents. Trial in the Superior Court, before *Devens*, J., who allowed the following bill of exceptions:

" To prove the allegations of the indictment, the prosecution relied upon the testimony of Frank C. Guilford, who testified, among other things, that he had been out during the evening of October 27, in company with the defendant and two or three other young men ; that between ten and twelve o'clock they went to a place called South Ashfield, about a mile distant from Crafts's shop, and returned therefrom to the vicinity of the shop at about one or two o'clock in the morning, when the others left the witness and the defendant ; that the witness and the defendant were on the piazza in front of the shop after their other companions had left them · that the defendant then proposed to go into the shop, that the witness went under a shed on one side of and connected with the shop, and within hailing distance of the defendant, where he remained, while the defendant broke into the shop and brought out the candy and the cents referred to ; and that he received from the defendant a part of the candy and cents, carried them away with him, and hid the cents on his way home. It was not contended by the Commonwealth that any persons but the defendant and Guilford had any knowledge

of the offence committed, or of any purpose to commit the same, nor that any purpose of committing the crime had been formed prior to the time the defendant and Guilford were sitting on the piazza.

" The Commonwealth introduced the testimony of James R. Fairbanks, a physician, who testified that on the evening in question he was out visiting a sick patient, between the hours of eleven o'clock and two o'clock of the following morning; that he twice saw the defendant and three other persons together, and recognized the defendant and one other person whose name was Eldridge; that the first time he saw them, they were near Crafts's shop, and going towards South Ashfield; and that the second time he saw them was towards one o'clock, and they were near South Ashfield and walking towards Ashfield, where the shop was situated. Guilford also testified that Eldridge was one of their party.

" The case was argued to the jury, both by the defendant's counsel and the district attorney, on the ground that the witness was an accomplice.

" The defendant requested the judge to instruct the jury that there must be corroborating proof that the prisoner actually participated in the commission of the crime, connecting him with personally breaking and entering the store and stealing the goods, independent of the evidence of the accomplice.

" The judge refused to give the instruction as requested, but instructed the jury as to what was necessary to constitute an accomplice, and that, while the jury had the power to convict the defendant upon the testimony of an accomplice, they ought not to convict him upon the testimony of Guilford, (if they should be satisfied that he was an accomplice,) unless they should find that his testimony was corroborated in some fact material to the issue; that among other circumstances relied on as tending to corroborate the witness, was the circumstance that he was seen going to South Ashfield with the prisoner at eleven or twelve o'clock, and returning therefrom at the later hour of one or two in the morning, in connection with the evidence on the part of the Commonwealth that the breaking and entering of the shop was

after twelve o'clock; and that it was a material fact tending to corroborate the witness, that he was thus seen in company with the defendant, at a late hour of night, as described by him, but that the weight of the circumstance in question was for the consideration of the jury. There were other circumstances relied on as corroborating the witness.

"The jury returned a verdict of guilty, and the defendant alleged exceptions."

*D. Aiken & S. T. Field,* for the defendant.

*C. R. Train,* Attorney General, for the Commonwealth.

AMES, J.  In *Commonwealth* v. *Desmond,* 5 Gray, 80, which is relied upon by the defendant, it was assumed and argued by the prosecuting officer, that the witness was an accomplice in the crime which was the subject matter of the indictment.  It was held by this court that, in so doing, the prosecution admitted the fact for the purposes of the trial, and that this admission was conclusive and binding upon the Commonwealth.  It was therefore decided to be an error on the part of the presiding judge, in his charge to the jury, to treat such complicity as an open and controverted question of fact, in relation to which they were at liberty to find either way.

But in the case before us there was no such conclusive admission.  The report finds that both parties argued the case to the jury on the ground that the witness was an accomplice.  The defendant's counsel argued, that, for that reason, he was not entitled to credit.  And the counsel for the prosecution may have argued that, even if he were an accomplice, he was so corroborated as to be entitled to belief.  It does not appear, and in the case of an excepting party stating his own objection we are not at liberty to presume that the concession on the part of the prosecution went any farther than this.  In such a mode of presenting the case, it may well be said that both parties argued "on the ground that the witness was an accomplice."

In this state of things, it was proper for the presiding judge to instruct the jury as to the nature of the facts and circumstances that would furnish corroboration of testimony obtained from an accomplice, and the instructions which he gave on that

subject were correct. In order that the jury might judge whether the rule so given applied to the case, it was proper that they should first consider and decide whether the witness was in fact an accomplice. The defendant's exception applies, not to the manner in which this question was submitted to the jury, but to its submission to them in any form; an exception which, as the case then stood, cannot be maintained.

The fact that the witness was seen in company with the defendant, at a late hour of the night in which the crime was committed, near the place, and in the act of going towards it, had a tendency to corroborate his testimony.

*Exceptions overruled.*