# STATE v. JAYMA DENNER.[1]

April 17, 1924.

No. 23,967.

**Ordinance forbidding making of intoxicating liquor not repealed by 1923 statute.**

1. An ordinance of the city of Minneapolis, prohibiting the manufacture of intoxicating liquor within the city, is not superseded or rendered inoperative by chapter 416, Laws of 1923.

**City attorney of Minneapolis authorized to prosecute violations of city ordinance.**

2. Under chapter 141, Laws 1874, the city attorney of the city of Minneapolis has authority to prosecute criminal offenses committed in violation of an ordinance prohibiting the manufacture of intoxicating liquor within the city.

**Testimony of officers, without search warrant, admissible.**

3. It was not error to receive testimony of officers as to what they found in the attic of the building in which the accused resided, without having a warrant to search the premises.

**Conviction sustained.**

4. In a prosecution for unlawfully manufacturing intoxicating liquor, evidence *held* sufficient to support a conviction.

**Ordinance violated when manufacture has begun.**

5. To constitute a violation of an ordinance prohibiting the manufacture of intoxicating liquor, it is not necessary that the process of manufacturing be completed. One actually engaged in an effort to produce the finished product falls within the prohibition.

Defendant, whose true name was Jayma Mija, was arrested, charged with a violation of the city ordinance forbidding the manufacture of intoxicating liquor within the city, tried in the municipal court of Minneapolis before Charles L. Smith, J., who at the close of the testimony denied defendant's motion to dismiss the action,

[1] Reported in 198 N. W. 430.

found her guilty of the charge and sentenced her to the workhouse. From the order denying her motion for a new trial and from the judgment of conviction, defendant appealed.   Affirmed.

*Bessesen & Bessesen*, for appellant.

*Neil M. Cronin*, City Attorney, and *L. W. Youngdahl*, Assistant City Attorney, for respondent.

QUINN, J.

Defendant was prosecuted by the city attorney of the city of Minneapolis, in the municipal court of that city, for the violation of an ordinance forbidding the manufacture of intoxicating liquor within the city.   She was convicted and sentenced to 30 days in the workhouse.   From an order denying her motion for a new trial, this appeal was taken.

On September 1 defendant rented the second and the attic floors in a dwelling at 1129 Dupont avenue, North Minneapolis, for living rooms.   There was a flight of stairs leading directly to the second floor, then on up to the attic.   Defendant occupied the rooms on the second floor alone, for living purposes.   On September 10 she rented the attic rooms to a strange man whom she has not since seen and of whose whereabouts, according to her testimony, she has no knowledge.   She is an Italian, and married, but her husband had not lived with her for several weeks.   The owner of the premises complained to the authorities that matters were not as they should be.

On the evening of September 15 two police officers visited the premises without any search warrant.   They first went to the rooms occupied by the defendant and made a search, but found nothing. Then they went to the attic.   The door leading into the rooms was locked with an outside padlock.   There was a bad odor and they broke the door in.   They found eight large barrels of mash standing on the floor.   A gas plate was burning and the windows were closed. There was but one gas meter in connection with the second floor and the attic and there were no water connections between these two floors.   It was necessary to obtain water from the second floor for the attic.   There was a hose connected from the bathroom on the second floor up through the ceiling to the attic rooms.   At the time

of the arrest the mash in the barrels was bubbling up. At the same time defendant told the officers that she had nothing to do with the attic; that she had rented it and knew nothing about what was in it. She had never informed the owner of the premises of having sublet the rooms in the attic.

At the time of the arrest the officers took a sample of the mash from two of the barrels. These samples were analyzed by a chemist. He testified that one sample had over 6 per cent of ethyl alcohol by volume; that the other contained over 9 per cent; that, in his opinion, the mash was potable as a beverage; and that the two samples must have been in process of manufacture a week or ten days to have reached the stage they were in when he received them.

Appellant's 11 assignments of error may be grouped and considered under three general headings as follows: First, was the city ordinance under which the prosecution was brought superseded and rendered inoperative by chapter 416, § 7, p. 592, Laws 1923; second, was it reversible error to receive in evidence the testimony of the officers making the search and arrest, they not having a search warrant; and third, was the evidence sufficient to warrant the judgment of conviction?

By chapter 338, p. 519, Laws of 1921, the legislature authorized municipalities to prohibit the manufacture or sale of intoxicating liquor, within such municipality. Chapter 141, p. 362, Sp. Laws 1874, authorized the city attorney of the city of Minneapolis to prosecute criminal offenses committed in violation of a city ordinance, within the city. It is well settled that the legislature may authorize a municipality to legislate for the safety of the community, the preservation of peace and good order, and the suppression of vice. City of Virginia v. Erickson, 141 Minn. 21, 168 N. W. 821. Appellant places much stress upon section 7, chapter 416, p. 592, Laws of 1923, which provides that "every county attorney shall prosecute all cases under this act arising in his county." But nowhere does that chapter provide that the county attorney shall prosecute violations of a city ordinance, nor that a city attorney may not prosecute for the violation of a city ordinance. The con-

tentions made on behalf of appellant in these respects cannot be sustained.

The objection that the court erred in receiving evidence as to what the officers found upon the premises, they not having a search warrant, is without merit. State v. Hesse, 154 Minn. 89, 191 N. W. 267, and cases there cited. State v. Pluth, 157 Minn. 145, 195 N. W. 789. It may be noted in this connection that no objection was made upon the trial to the reception of evidence upon any such ground, nor was the question raised in the motion for a new trial.

The evidence is ample to connect the defendant with the conditions found in the attic. It is urged that the evidence is insufficient to show that the mash was potable as a beverage. It is not claimed but what it was intoxicating. It being intoxicating, it is unimportant that the process of distillation was necessary to make it palatable. State v. Hosmer, 144 Minn. 342, 175 N. W. 683; State v. Brown, 151 Minn. 340, 186 N. W. 946. To sustain a charge of manufacturing intoxicating liquor, it is not necessary that the process of manufacture should be complete. It is sufficient if the one employed in the process is active in accomplishing the end in view. One actually engaged in an effort to produce the finished product falls within the statute making it unlawful to manufacture intoxicating liquor. People v. Nanninga, 213 Mich. 354, 181 N. W. 1014; State v. Ravan, 91 S. C. 265, 74 S. E. 500; State v. Horner, 174 N. C. 788, 94 S. E. 291. Taking all of the evidence into consideration, we have no hesitancy in holding that the same was sufficient to establish the guilt of the accused beyond a reasonable doubt.

Affirmed.