## STATE v. BAISH

(No. 1233; December 2, 1924—230 Pac. 678)

CRIMINAL LAW—PLEA IN ABATEMENT—WAIVER—INSTRUCTIONS—COR-
ROBORATION OF ACCOMPLICE—LARCENY—SUFFICIENCY OF EVIDENCE.

1. Denial of motion to dismiss criminal prosecution predicated
   on fact that accused was compelled to testify against
   himself at his preliminary hearing, where neither order
   denying motion nor exception thereto appears in record,
   is not reviewable.
2. Testimony on preliminary hearing may be brought into the
   record and before the court, under Comp. St. 1920, § 7484,
   only by plea in abatement.
3. Under Comp. St. 1920, § 7487, error in denying motion to
   dismiss prosecution *held* waived by plea of not guilty.
4. Instruction that while accused may be convicted on the un-
   corroborated testimony of an accomplice, such evidence
   should be acted on with great care and caution, and sub-
   jected to careful examination in the light of all other evi-
   dence in the case, and unless jury is satisfied beyond
   reasonable doubt of its truth they should acquit, *held*
   not erroneous as excluding other evidence.
5. Instruction advising jury that corroborating evidence must
   be other and credible evidence tending to connect defend-
   ant with crime charged, *held* not objectionable in that
   jury was not instructed as to what constitutes corrobora-
   tion, especially where no such charge was requested.
6. Corroboration of an accomplice must tend to confirm his
   testimony upon a point material to the issue in the sense
   that it tends to prove the guilt of defendant. It should
   be to the person of the accused.
7. Requested instruction that if accomplice has testified dif-
   ferently at another time from his testimony in the case,
   defendant could not be found guilty on his uncorrobora-
   ted testimony, omitting the words, "with reference to
   the facts in issue," *held* misleading, and its refusal was
   not erroneous.
8. Requested instruction as to accomplice's testimony *held*
   properly refused where other instructions sufficiently ad-
   vised jury of the law on the matter to enable them to
   properly perform their duties.
9. Evidence *held* to sustain conviction of grand larceny of
   automobile.

NOTE—See Headnotes (1) 17 C. J. pp. 74, 167; (2) 16 C. J. p. 406; (3) 16 C. J. p. 412; (4) 16 C. J. p. 1047; (5) 16 C. J. p. 1057; (6) 16 C. J. p. 701; (7) 16 C. J. p. 999 (8) 16 C. J. p. 1063 (9) 36 C. J. p. 899.

Appeal from District Court, Natrona County; Robert R. Rose, Judge.

Art Baish was convicted of Grand Larceny, and he appeals. The material facts are stated in the opinion.

*M. F. Ryan* and *F. M. Perkins* for Appellant.

Appellant was compelled to testify against himself and deprived of constitutional rights; Miskimmins v. Shaver, 8 Wyo. 407; Emery v. State, 78 N. W. 145. Defendant having been called as a witness for the state was entitled to immunity, 7520 C. S.; Underhill Ev. 126; Wigmore 2281; State v. Bond, 12 (Ind.) 428; Baker v. State, 57 (Ind.) 255; State v. Shucliff, 96 (Ind.) 369; State v. Nowell 58 N. H. 314; Exparte Cohen, 104 Calif. 524; U. S. v. Ford, 99 U. S. 594; Tullis v. State 39 O. St. 200; State v. O'Meara, 199 Ia. 613. The court erred in giving instruction No. 4 as to corrobortaion of an accomplice; Clay v. State, 15 Wyo. 61; Smith v. State, 10 Wyo. 157; McNealy v. State, 5 Wyo. 66. The court erred in refusing defendants requested instruction No. 1; State v. Pearson, 37 Wash. 405, and also defendants requested instruction No. 6 as to corroboration of an accomplice. The mere finding of the automobile where McCarthy said it was left, did not in any way connect the defendant with the theft of the car. It did not corroborate the accomplice; McNealy v. State, 5 Wyo. 69.

*David J. Howell,* Attorney General and *John C. Pickett,* Assistant Attorney General for Defendant.

We find no record of the order of the trial of court over ruling Defendant's motion to dismiss, nor any exceptions to said ruling which would therefore seem to have been waived; Dickerson v. State, 18 Wyo. 472, C. Stats. 747-748. A plea of "Not Guilty" waived any defects in the informa-

tion.    Wilbur v. State, 3 Wyo. 268; Anderson v. State, (Wyo.) 196, Pac. 1050; State v. Hall (Wyo.) 194, Pac. 487; Richey v. State (Wyo.) 201 Pac. 155.    The instruction given with reference to corroboration of an accomplice was in accordance with the holdings of this court; Clay v. State, 15 Wyo. 59; McNealy v. State. 5 Wyo. 69.    Whether McCarthy's testimony had been discredited was a matter for the jury to determine, hence there was no error in refusing to direct a verdict for Defendant.    It is not necessary that an accomplice be corroborated on every point, 16 C. J. 704, 706.    The assignments of error relating to the preliminary examination of defendant are not properly presented for review.

RINER, District Judge.

Art Baish was convicted in the District Court of Natrona County of grand larceny, the property involved being an automobile, of the value of $2500.00.    From the judgment against him he appeals, and has filed seven specifications of error.    As several of these relate to the same matter they can readily be discussed together.

Appellant complains of the action of the trial court in denying his motion to dismiss the proceedings against him, the motion being predicated on the ground that he was compelled, over his objection, to testify against himself at his preliminary hearing before the justice of the peace.    While the motion appears in the record before us, neither the order denying the motion nor any exception thereto can be found.    It needs no citation of authority to establish that this court generally cannot review proceedings under such circumstances.    Even if the omitted order and exception as claimed by appellant were before us, the result would have to be the same.    The preliminary hearing was had before the justice of the peace on June 21st, 1923.    Thereafter an information was filed in the District Court against Baish to which on September 4th, 1923, he entered a plea of "not guilty."    The motion under consideration was filed October

17th, 1923. It undertook to bring into the record and before the Court by means of an attached alleged transcript the testimony given on preliminary hearing. But this can be done only by plea in abatement. See Sec. 7484 Compiled Statutes of Wyoming 1920. Even if we should regard the motion as in fact a plea as has sometimes been done by other courts, Sec. 7484 of the Statutes of this State declares that:

"The accused shall be taken to have waived all defects which may be excepted to by a motion to quash, or a plea in abatement, by demurring to an indictment or information, or pleading in bar, or not guilty."

It follows that the point urged was waived. On October 18th, after the jury had been empanelled for the trial, counsel for Baish orally announced to the court that he claimed "immunity from prosecution" on the ground previously embodied in the motion above discussed. This "claim" was denied but no exception appears in the record. What has heretofore been said indicates sufficiently why we think that the court's ruling was correct.

One of the witnesses for the State was a man who gave his name as Theodore McCarthy. He testified that he participated with Baish and a man named Graham in the theft of the car, and undertook to give rather complete details of how the crime was committed and concerning the movement of these parties during the evening and night it occurred. The Court over exception taken gave the following instruction:

"You are instructed, that, if the testimony of the witness McCarthy is taken as true—and on the question of the credibility of this witness as of other witnesses, you are to be the judges—it establishes the fact that if the automobile mentioned in the information in this case, was stolen, he, the said McCarthy, was an accomplice in the theft thereof.

You are further instructed that, while it is a rule of law in this State that a person may be convicted of a crime by the uncorroborated testimony of an accomplice, still the jury should always act on such testimony with great care and caution, and should subject it to careful examination in the light of all the other evidence in the case; and the jury ought not to convict upon such testimony alone unless, after a careful examination of such testimony, you are satisfied beyond all reasonable doubt of its truth and that you can safely rely upon it, and if you are not so satisfied, then you should not convict the defendant unless you believe the testimony of the witness McCarthy to be corroborated by other and credible evidence tending to connect the defendant with the theft of the automobile alleged to have been stolen.''

The appellant criticizes the first part of this instruction in the light of the law announced in Clay v. State, 15 Wyo. 42, at 61, 86 Pac. 17, 19, 544, to the effect that ''the jury should not be instructed that they may base their verdict upon the uncorroborated evidence of the accomplice if they believe it to be true, unless explained and accompanied by other instructions, because such an instruction by implication excludes other evidence in the case from their consideration. Such an instruction, standing alone, would clearly be error when there is evidence tending to explain, contradict, or affecting the weight of corroborating testimony, and it would also be prejudicial, for it would inform the jury that they could predicate their verdict upon a part and not upon all of the evidence in the case.'' But the decision cited does not help appellant's case here, for the jury in this instruction were explicitly told they must act cautionsly upon McCarthy's testimony, and ''should subject it to careful examination in the light *of all the other evidence in the case.*''

In the Clay case another instruction not so complete as the one now under discussion was given by the Court and held to cure the defect pointed out in the quoted excerpt.

The case was reversed on other grounds. The appellant also complains of this instruction because it does not inform the jury what constitutes corroboration and Smith v. State, 10 Wyo. 157, 67 Pac. 977, is referred to, where it was held that as the trial court had given an instruction that if the jury believed "the accomplice spoke the truth and his evidence was corroborated upon any material fact they should find the defendant guilty," it was reversible error not to give a proper instruction *requested* by the defendant as to what constituted corroboration. But no instruction of that character was presented to the trial court by Baish in the case at bar. Besides, the jury were told that the corroborating evidence must be "other and credible evidence tending to connect the defendant with the theft of the automobile alleged to have been stolen." This is quite in harmony with what this Court has heretofore said in the case of McNeally v. State, 5 Wyo. 59, at 69, 36 Pac. 824, 827, where it was remarked that "such corroboration to be competent and sufficient must tend to confirm the testimony of the accomplice upon a point material to the issue, in the sense that it tends to prove the guilt of the defendant." And also, "such corroborating evidence must tend to connect the accused with the crime. Commonwealth v. Holmes, 127 Mass. 424. The corroboration requisite to validate testimony of an alleged accomplice should be to the person of the accused." This is the general rule. See 16 C. J. 701, and cases cited in Note 25.

Complaint is made that the Court erred in refusing to give instructions numbered "1" and "5" offered by Baish. The first of these proffered instructions is to the effect that if an accomplice has testified differently at another time from his testimony in the case the jury could not find the defendant guilty on the uncorroborated testimony of the accomplice. State v. Pearson, 37 Wash. 405, 79 Pac. 985, is cited in support of this instruction, but it does not. An examination of the instruction the refusal of which in that case was held error discloses that it read in part "where an

accomplice has been impeached by a showing that he has testified differently at some other time with reference to the *facts in issue,* then in such case the jury cannot convict upon his uncorroborated testimony." The instruction here urged as proper omits the words "with reference to the facts in issue" and would obviously tend to mislead the jury. The court did not err in declining to give it.

Instruction No. "5" which counsel for appellant insists should have been given, follows quite closely the language of the instruction already referred to in the Pearson case, and includes the phraseology omitted from Instruction No. "1" as well as its other language. It travels generally over the ground covered by the instruction given to the jury in the case at bar and first hereinabove considered. Upon examining the record before us we find that the jury were also instructed—"if you believe from the evidence that any witness has wilfully and corruptly sworn falsely to any material fact in this case, then you are at liberty to disregard all or any part of his or her testimony except in so far as the same has been corroborated by other and credible evidence, and the facts and circumstances proven upon the trial." This, taken in connection with the cautionary instruction given as to an accomplice's testimony, sufficiently advised the jury of the law on the matter to enable them to properly perform their duties. In the Pearson case it is plain that no cautionary instruction as to an accomplice's testimony had been given by the trial court. Hence under the facts of that case the duty to do so arose. The purport of the case is made clear in that part of the opinion where it is said:

"While we do not now announce the doctrine that a conviction should be permitted in no case on the uncorroborated testimony of an accomplice, nevertheless we do hold that the trial court should carefully caution the jury in such cases in the matter of weighing such testimony and should warn it against a conviction on such uncorroborated testimony."

It is finally urged that the court should have directed a verdict in favor of Baish and that the verdict is not sustained by sufficient evidence, and is contrary to law, the point discussed being that there is not sufficient corroboration of McCarthy's testimony. We have examined the record carefully and fully and are unable to agree with this contention. Witnesses other than McCarthy testified to the fact that two or three men were seen to leave the stolen car when it was first discovered and go toward town; that about the time of the commission of the offense with which Baish was charged he and McCarthy were together in apparent intimacy not far from where the stolen car had been left; that McCarthy and Baish were first seen together before midnight although Baish testified that he never saw McCarthy before twelve o'clock of that evening; that very shortly after the stolen car had been discovered by the police Baish, McCarthy and Braham and his wife took their luggage, left the hotel after midnight, and went not to the railway station but to the railroad yards; that they then endeavored to get a freight train out of town; and that Baish intended to "beat" his way over the railroad although he had money with which to pay a fare. Appellate courts have over and over again held proof of matters of this sort as sufficient corroboration of an accomplice's testimony to support a jury's verdict thereon. See Ross v. State, 74 Ala. 532; People v. Armstrong, 114 Cal. 570, 46 Pac. 611; State v. Van Winkle, 80 Ia. 15, 43, N. W. 383, State v. Pancoast, 5 N. D. 516, 67 N. W. 1052; 35 L. R. A. 518; State v. O'Meara, 190 Ia. 613, 177 N. W. 563; State v. Taylor, 196 Ia. 1015, 192 N. W. 294, at 296; People v. Barker, 114 Cal. 617, 46 Pac. 601; McCrary v. State, 101 Ga. 779, 28 S. E. 921; State v. O'Callaghan, 157 Ia. 545, 138 N. W. 402; State v. Russell, 90 Ia. 493, 58 N. W. 890; Murray v. Comm., 28 S. W. 480, 16 Ky. L. 389; Comm. v. Elliott, 110 Mass. 104; People v. Duffy, 160 App. Div. 385, 145 N. Y. S. 699, affirmed 212 N. Y. 57, 105 N. E. 839; L. R. A. 1915B 203, Ann. Cas. 1915D, 176; People v. Walton, 159 App. Div.

289, 144 N. Y. S. 308; Grant v. State, 67 Tex. Cr. 155, 148 S. W. 760; 42 L. R. A. (N. S.) 428; State v. Brake, 99 Ore. 310 195 Pac. 583, at 585; Hargett v. State, 18 Ala. App. 616 93 So. 207; State v. Bolton, 65 Mont. 74, 212 Pac. 504; State v. Drapeau, 45 S. D. 507, 189 N. W. 305, 306.

This court has said in McNeally v. State, supra, that "if it appears that the accomplice has testified to the truth in some material particulars, the jury may infer that he has in others."

The record supports the verdict and no reversible error appearing the judgment should be affirmed.

*Affirmed.*

KIMBALL, J., and TIDBALL, District Judge, concur.