## STATE v. ALDERILLA*
### (No. 1438; January 31, 1928; 263 Pac. 616)

CRIMINAL LAW — EVIDENCE—INTOXICATING LIQUORS — "MOONSHINE WHISKEY" DEFINED—INFORMATION—INSTRUCTIONS.

1.  In prosecution for the possession of intoxicating liquor, evidence as to the liquor and its possession, as related by an uncorroborated accomplice, *held* sufficient to sustain conviction.

2.  In prosecution for the possession of intoxicating liquors, the fact that in the information for possession the liquor was described as "moonshine whiskey" *held* not to preclude, under Laws 1921, c. 117, § 2, and in view of the National Prohibition Act, tit. 2, § 1 (27 USCA § 4), the application of the principle that, upon proof that liquid in question is whiskey, no other proof of its alcoholic content and fitness for beverage is necessary; "moonshine whiskey" being either green, raw whiskey, or illicit whiskey.

3.  In prosecution for the possession of intoxicating liquor, evidence that the liquor was moonshine whiskey *held* sufficient, under Laws 1921, c. 117, § 2, to warrant the jury's finding that it was prohibited liquor.

4.  In a prosecution for the possession of intoxicating liquor, instruction requiring a finding that the liquor contained more than one-half per cent. of alcohol and that it was fit for beverage purposes *held* immaterial, in view of Laws 1921, c. 117, § 2, where it was shown that the liquor was whiskey.

5.  In prosecution for possession of intoxicating liquor, where the accomplice who testified for the state was, upon cross-examination, asked whether the defendant did not have the liquor in his possession at a certain place, exclusion of such question *held* proper, since it called for a conclusion of the witness.

6. In prosecution for the possession of intoxicating liquors, error, if any, in instruction as to what constitutes possession *held* harmless where, if the jury believed the testimony of an accomplice on the question of possession, there was but one verdict, that of guilty, which they could return.

7. In prosecution for the possession of intoxicating liquors, question of the sufficiency of the information *held* not reviewable on appeal where it was not challenged by demurrer, nor was the error in it specified on appeal.

*See Headnotes: (1) 16 C. J. p. 712 n. 30. (2) 33 C. J. p. 496 n. 78 New; 41 C. J. p. 211 n. 37. (3, 4) 17 C. J. p. 339 n. 64; 33 C. J. p. 774 n. 14. (5) 16 C. J. p. 747 n. 47. (6) 17 C. J. p. 339 n. 64. (7) 17 C. J. p. 55 n. 94.

APPEAL from District Court, Goshen County; CYRUS O. BROWN, Judge.

Tony Alderilla was convicted of the offense of unlawfully possessing intoxicating liquor, and he appeals.

*M. A. Kline,* for appellant.

There was no competent evidence to prove the charge; a conviction cannot be sustained upon the general reputation of defendant or of the community in which he lives, Konopisos v. State, 26 Wyo. 350; the jury disregarded the Court's instruction with respect to the corroboration of evidence given by an accomplice, Lynch v. Snead, (Ky.) 116 S. W. 693; Fleming v. R. R. Co., (Ala.) 41 So. 683; Loveland v. Gardner, (Calif.) 21 Pac. 766; Lind v. Closs, (Calif.) 25 Pac. 972; Crane v. R. R. Co., (Ia.) 37 N. W. 397; King v. Lincoln, (Mont.) 66 Pac. 836; Wood v. Belden, 54 N. Y. 658; State v. Dickinson, (Mont.) 55 Pac. 539; Clay v. State, 15 Wyo. 42; Smith v. State, 10 Wyo. 157; 16 C. J. 702, 707. There was no evidence that the liquor was fit for use as a beverage, or that it contained more than one-half of one per cent. of alcohol, Crookshank v. State, 236 Pac. 61; there was no evidence of possession; Instruction numbered six on the law of possession was

erroneous, U. S. v. Dowling, 278 Fed. 630; U. S. v. Illig, 288 Fed. 939; State v. Lowry, 29 Wyo. 258; Collins v. State, (Okla.) 236 Pac. 902; Gulford v. State, (Ala.) 104 So. 678; State v. Buoy, (Ore.) 232 Pac. 623; State v. Williams, (Wash.) 251 Pac. 126. There was no evidence that defendant ever exercised acts of ownership or control over the liquor; one charged with crime cannot be convicted upon suspicion, State v. Elmer, 267 S. W. 934.

*W. O. Wilson,* Attorney General, and *James A. Greenwood,* Deputy Attorney General, for respondent.

Instruction numbered seven, given by the Court without objection or exception, declares Bromley to be an accomplice and if liquor was found in his possession it was also in the possession of defendant. State v. Stevenson, 67 Pac. 1001; State v. Thornton, 26 Ia. 80. It is unnecessary that the testimony of an accomplice be corroborated in every detail, but only to an extent sufficient to connect defendant with the crime, 12 Cyc. 455; People v. Clough, 15 Pac. 5; Dixon v. State, (Ga.) 42 S. E. 357; Chapman v. State, 37 S. E. 101; State v. Blain, (Ia.) 92 N. W. 650. The exception to Instruction numbered six is without merit, 31 Cyc. 924; State v. Potter, 42 Vt. 495, 3 W. & P. (2nd) 1101; People v. Britian, 118 N. Y. Supp. 989; White v. State, 23 Wyo. 147; McGinnis v. State, 16 Wyo. 91; the court did not err in sustaining objection of plaintiff to the question propounded to Bromley calling for his conclusion as to his possession of liquor. State v. Renneker, (Kans.) 90 Pac. 245; People v. Delucchi, (Calif.) 118 Pac. 935; People v. Jensen, 114 Pac. 585; Brown v. State, (Ala.) 66 So. 829; Swain v. State, (Ala.) 62 So. 446.

KIMBALL, Justice.

The defendant appeals from a conviction on an information charging that the defendant

"on the 23rd day of October, 1926, at the County of Goshen, State of Wyoming, did then and there unlawfully and willfully have and possess about five gallons of intoxicating liquor, commonly called moonshine whiskey, contained in a wooden keg, said possession being then and there prohibited and unlawful."

It is contended that the verdict is not sustained by sufficient evidence. The principal witness for the prosecution was Frank Bromley whose testimony may be briefly stated. On the afternoon of October 23, he was at Hartville on his way to his home at Ft. Laramie. He was driving a Ford car. At Hartville he met the defendant who asked Bromley to take some "stuff" to Ft. Laramie. Bromley agreed to do so, and about dusk followed the defendant who was driving a Buick car, to a point about a mile and a half from Hartville, where the keg of liquor in question was taken by defendant from a ditch at the side of the road and put in the car driven by Bromley. Bromley, with the keg of liquor in his car, then drove to Ft. Laramie, followed by defendant in the other car. When they were approaching Ft. Laramie, the defendant passed Bromley, and both cars were driven through Ft. Laramie to a point "behind the stock yards," where the cars were stopped about 40 feet apart. It was then dark, 7 or 7:30 in the evening. Bromley and defendant got out of their respective cars, and were standing between the cars, when they heard some one approaching. The defendant then said to Bromley, "that is the guy that is going to buy the whiskey, guy named Morton." It proved to be the officers, who searched the cars, found the keg of liquor in the Ford, and arrested both Bromley and defendant.

Hartville and the place where the keg of liquor was put in the Ford car are in Platte county; the place where the cars stopped near Ft. Laramie is in Goshen county, but we understand it to be conceded that if the jury were entitled to believe Bromley, they were warranted in finding that the liquor was in the possession of defendant in Goshen county. Bromley, according to his testimony, had the liquor in Goshen county as the agent or confederate of the defendant.

The court instructed the jury thus:

"The evidence of the witness Frank Bromley shows that he was an accomplice of the defendant in the commission of the crime charged against the defendant. You are instructed that the testimony of an accomplice should be received by you with great caution and you ought not to convict the defendant of the crime charged upon the testimony of an accomplice alone, unless it is corroborated by other credible evidence tending to show that the defendant is guilty of the crime charged in the information."

There is no criticism of this instruction, and no other instruction on the subject was given or requested.

It is contended that the uncorroborated testimony of Bromley, an accomplice, was the only evidence tending to prove that defendant was in possession of the liquor in Goshen county; that the jury, under the instruction of the court, were not entitled to believe, or convict upon, the uncorroborated testimony of an accomplice, and, therefore, that the verdict is not sustained by sufficient evidence.

We have in this state no statute requiring corroboration of the testimony of an accomplice in a case of this kind, but in a proper case the jury is always warned of the danger of convicting without such corroboration. Heretofore, the cases of that kind considered by this court have been prosecutions for felonies. We may concede that the rule requiring such an instruction is equally applicable to

misdemeanors, though there seem to be authorities limiting it to felonies. If after a proper caution by the judge the jury nevertheless convict the defendant, we doubt the authority of this court to set aside the verdict merely on the ground that the accomplice's testimony was uncorroborated. See State v. Baish, 32 Wyo. 136, 230 Pac. 678, and Wyoming cases there cited. In McNeally v. State, 5 Wyo. 59, 69, 36 Pac. 824, 827, this court said:

"While it is not clear that in this jurisdiction a conviction on the unsupported testimony of an accomplice may not be sustained, as there are authorities based upon the strongest of reasoning, that the jury may, if they please, act upon the evidence of an accomplice, notwithstanding the turpitude of his conduct, the general rule would prevail that it is the duty of the court to advise the jury not to convict upon such testimony alone and without corroboration."

In Smith v. State, 10 Wyo. 157, 67 Pac. 977, though the point was not decided, Corn, J., said:

"No doubt a jury may convict upon the uncorroborated testimony of an accomplice, for the reason that there is no law of this state which forbids it, and the court would not be authorized by peremptory instruction to direct an acquittal as in a case where no evidence was produced by the state connecting the defendant with the crime."

And in State v. Baish, supra, the approved instruction contained the statement that a person may be convicted by the uncorroborated testimony of an accomplice. See, Bishop's New Crim. Proc., (2nd ed.) Sec. 2056; Wigmore on Ev. (2d ed.) Sec. 1169; 1 R. C. L. 166; The King v. Baskervillé, (1916) 2 K. B. 658, 10 B. R. C. 337, where the English cases at common law are reviewed.

In this case we cannot say that the jury were not entitled to believe the testimony of Bromley. The corroboration of his testimony was probably as sufficient as the cor-

roboration of the accomplice in State v. Baish, supra. The fact that Bromley and defendant came at practically the same time to a lonely spot and were talking together there when the officers came upon them, was proved by the officers. The defendant, who testified at the trial, gave no explanation of his presence with Bromley at the stockyards. It was there, according to the state's theory, that the whiskey was to have been delivered by the defendant to the purchaser. One of the officers testified that he heard defendant say to Bromley: "There he comes now;" showing that defendant expected some one to meet him there. The jury, after a proper caution, believed Bromley, and found the defendant guilty. The verdict has the approval of the trial judge, and we see no reason for holding that the jury were not justified in finding that the facts were related truly by Bromley.

The jury were instructed that the prosecution was required to prove, among other things, that the liquor in question contained more than one-half of one per cent. of alcohol by volume and was fit for beverage purposes. The defendant claims that there was no evidence to prove either fact. There was sufficient evidence to prove that the liquor was "moonshine whiskey." Two witnesses gave opinions, formed from smelling the whiskey, that it contained more than one-half of one per cent. of alcohol. Except testimony that the liquor was moonshine whiskey, there was no evidence to prove that it was fit for beverage purposes.

By section 2 of chapter 117, Session Laws of 1921, it is provided that:

"When used in this Act the word "liquor" or the phrase "intoxicating liquor" shall be construed to include alcohol, brandy, whiskey, rum, gin, beer, ale, porter, and wine, and in addition thereto any spirituous, vinous, malt or fermented liquor, liquids and compounds, whether medicated, proprietary, patented or not, and by whatever

name called, containing one-half of 1 per centum or more of alcohol by volume which are fit for use for beverage purposes."

The Wyoming law follows the National Prohibition Act which contains (Sec. 1, Title 2), (27 U. S. C. A. Sec. 4) the same provision. The cases under the Federal act hold that a conviction for the possession or sale of "whiskey" may be had on proof that the liquor is whiskey, without any further showing of its alcoholic content or that it is fit for beverage purposes. Strada v. U. S., (C. C. A.) 281 Fed. 143; Hensberg v. U. S., (C. C. A.) 288 Fed. 370; Robinson v. U. S., (C. C. A.) 290 Fed. 755; U. S. v. Jones, (D. C.) 298 Fed. 131; Stoecko v. U. S., (C. C. A.) 1 Fed. (2d) 612. In Strada v. U. S., supra, it was said:

"If from use or by any other means the citizen knows what whisky is, he may be a competent witness. It does not require a scientific expert to identify a well-known article of manufacture and commerce, in common use."

And in Heitler v. U. S., (C. C. A.) 280 Fed. 703:

"Distilled spirits containing less than one-half of 1 per cent. alcoholic content, if known at all commercially, was never known as whisky; so that the experience of the witnesses, who said that they were familiar with the use of whisky, must have been gained by drinking beverages containing more than one-half of 1 per cent. of alcoholic content. Their opinion that the beverage served them was whisky was competent evidence that it was a liquor containing more than one-half of 1 per cent. of alcohol by volume."

And in Singer v. U. S., (C. C. A.) 278 Fed. 415, 418:

"It is true there was no analysis of the liquors sold and transported, but this was unnecessary. Whisky is a well-known intoxicating liquor of high alcoholic content, and, when the word is used in an act of legislation or elsewhere,

it has a very definite and specific meaning. In certain liquids, the presence of alcohol or other ingredient may be determinable only by a chemical analysis. Not so with whisky. Alcohol is its chief ingredient.''

We are of opinion that the use in the information of the word ''moonshine'' in describing the whiskey, does not prevent the application in this case of the foregoing principles. U. S. v. Golden, (D. C.) 1 Fed. (2d) 543, 547. ''Moonshine whiskey'' is either ''green, raw whiskey,'' as said in the case last cited, or ''illicit whiskey.'' See definition of ''moonshine,'' Webster's New Int. Dict.

Under the foregoing authorities the evidence in this case that the liquor was moonshine whiskey was sufficient to warrant the jury's finding that it was prohibited liquor. We believe it was immaterial that the court's instruction required a finding that the liquor contained more than one-half of one per cent. alcohol, and that it was fit for beverage purposes. Those facts were inferrable from the fact proved.

It is hardly necessary to point out that the reasoning of the foregoing cases will not necessarily make them applicable to cases involving some other liquors specifically mentioned in Section 2 of Chapter 117 of the laws of 1921. Testimony that a liquor is ''wine'' or ''beer,'' without other evidence of the alcoholic content, might be insufficient to prove that it is intoxicating or that it contains more than one-half of 1 per cent. of alcohol by volume.

At the trial, the defendant seemed to place great reliance on the conceded fact that the whiskey, while in Goshen county, and until it was seized by the officers, was in Bromley's car. The main point in issue was whether Bromley had the liquor as the agent or accomplice of the defendant. Bromley, on cross-examination was asked this question: ''The defendant did not have this liquor in his possession there at Ft. Laramie?'' An objection to the question was sustained, and the ruling is alleged as error.

There was no error. Under the issue as made by the evidence, the question called for a conclusion of the witness. The witness admitted that the liquor was in his car, and the defendant was permitted freely to cross-examine as to the relative positions of the cars, the whiskey, the witness and the defendant.

Over the defendant's objection the court gave the following instruction on the question of possession:

"You are instructed that possession is the present right or power to control or dispose of the property in the custody of the person in whose care it may be found. It is not necessary that the liquor in question be found upon the person of the defendant. It is not necessary that the person in whose custody the liquor in question was found was the owner thereof. It is only necessary that the state prove beyond a reasonable doubt that the liquor in question was under the conscious control of the defendant. Possession may be either exclusive or joint with another, or other persons."

In claiming in this court that the instruction was erroneous, all that is said is that it "was indefinite and confusing and did not correctly state the law." We are not informed wherein it fails correctly to state the law. It may be that the instruction covers more ground than was necessary under the issues in this case. If it contains any misstatement of law, we think it was not harmful. The issue to be decided was simple. If the jury believed Bromley, as they evidently did, they could hardly avoid returning a verdict of guilty.

In defendant's brief it is contended that the information should have charged, and the evidence shown, some additional facts to establish that defendant's possession of the whiskey was unlawful. We deem it unnecessary to answer at length the arguments in support of this contention. The information was not challenged by demurrer, and there is no specification of error that raises any ques-

tion as to its sufficiency. From the facts stated above we think it clearly appears that the jury were warranted in finding that defendant's possession was unlawful.

The judgment will be affirmed.

*Affirmed.*

BLUME, C. J., and BURGESS, District J., concur.