STATE, Plaintiff, vs. Ross, Defendant.

*February 18—March 15, 1938.*

For the plaintiff there was a brief by *Burton E. Hoffmann,* district attorney of Marquette county, *H. B. Rogers* of Portage, special prosecutor, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Messerschmidt, Mr. Hoffmann,* and *Mr. Rogers.*

For the defendant there was a brief by *John A. Conant* of Westfield and *Vincent F. McNamara* of Montello, and oral argument by *Mr. McNamara.*

FAIRCHILD, J.    The facts found by the trial court are as follows : Some time prior to April 12, 1937, defendant leased a vacant farm.    There was considerable activity around the place thereafter, the sound of hammering in the barn, and cars going in and out.    On April 14th, officers entered the barn where defendant Ross and others were.    The officers found a boiler full of mash, under which an oil burner was operating.    The mash and the contents of the boiler were warm.    There were two still-columns and a still-base, but the columns had not been connected to the water coolers as yet, and no liquor had been distilled through the columns, although it would be but a matter of a few minutes' work to connect the coolers to the still.    Samples taken out of the vats containing mash were found upon testing to contain 7.95 per cent of alcohol by volume.    No license for the manufacture of alcohol on these premises had been issued to anyone.

The facts outlined show that defendant was engaged in the process of producing liquor and likewise leave no room

for questions that he and others were guilty of engaging in manufacturing liquor, unless as claimed by defendant, "the accomplishment of some of the intermediate steps in the manufacture of intoxicating liquor" does not constitute manufacturing within the meaning of secs. 176.051 and 176.01, Stats. There is no ambiguity in the language of those sections as it is to be applied. It is evident that the legislative intent was to prevent illicit manufacture of liquor, and manufacturing has generally been construed as including all steps preliminary to the finishing of the product. The statute is to be so read. Authorities sustaining this construction may be found in *State v. Gage,* 161 La. 945, 109 So. 771; *People v. Nanninga,* 213 Mich. 354, 181 N. W. 1014; *State v. Denter,* 159 Minn. 189, 198 N. W. 430; *State v. Horner,* 174 N. C. 788, 94 S. E. 291; *State v. Ravan,* 91 S. C. 265, 74 S. E. 500.

It follows that the question must be answered Yes.

*By the Court.*—The question reported is answered in the affirmative.