## VALENTINE KETTERING
### *v.*
## CITY OF JACKSONVILLE.

1.   MUNICIPAL CORPORATION—*of its existence—when not to be questioned.*   The question whether a city is a municipal corporation, depending upon an alleged want of publication of its charter as required by its terms, cannot be raised in a proceeding to recover a penalty for a violation of an ordinance of the city.

2.   CITY ORDINANCE—*proof of its publication.*   In a proceeding to recover a penalty for a violation of an ordinance of the city of Jacksonville, the publication of the ordinance was held to be sufficiently proven by the certificate under oath of one of the publishers of the newspaper in the city, in which the publication was made.

3.   SAME—*effect of invalidity of part of ordinance.*   The fact that a city ordinance covers cases which the city has no power to control, is no reason why it should not be enforced in cases over which the city has power.

4.   CONSTITUTIONAL LAW—*prohibiting the sale of liquor.*   The legislature has the constitutional power to authorize cities to prohibit the sale of liquor or beer by retail.   This is not an open question in this court.

5:   ORDINANCE—*prohibiting the sale of beer—whether the beer must be shown to be intoxicating.*   Where the ordinance of a city, in pursuance of a power in its charter, prohibits the sale of beer within the corporate limits, in a prosecution for a violation of the ordinance it is not necessary to prove that the beer alleged to have been sold was intoxicating in its character.

APPEAL from the Circuit Court of Sangamon county; the Hon. EDWARD Y. RICE, Judge, presiding.

. The City of Jacksonville instituted a prosecution before a justice of the peace in Morgan county, against Valentine Kettering, for an alleged violation of an ordinance of said city, prohibiting the sale of liquor and beer. The cause was removed into the Circuit Court of Morgan county by appeal, and subsequently to the Circuit Court of Sangamon county on change of venue.

Upon the trial below, the prosecution, to prove the publication of the ordinance in question, gave in evidence the following certificate :

" Joseph Ironmonger on his oath says, that he is one of the publishers of the Daily Jacksonville Journal, a daily newspaper printed and published in the city of Jacksonville, county of Morgan, and State of Illinois, and that the foregoing and attached written paper commencing ' printed and published by authority of the city council of the city of Jacksonville,' and entitled ' An Ordinance relating to various Liquors,' was published three days in said paper, in the entire issue thereof for said three days, which days were the 15th, and 17th, and the 18th days of June, A. D. 1867, in the city aforesaid, and by the order and authority of said city.

" JOS. J. IRONMONGER.

" Sworn to and subscribed before me this 3d day of October, 1867.

" HENRY STRYKER, Jr.,
" Notary Public."

The remaining facts in the case are set forth in the opinion of the court.

The trial resulted in a verdict and judgment against the defendant, and he thereupon took this appeal.

Messrs. KETCHAM & ATKINS, for the appellant.

Messrs. HAY, GREENE & LITTLER, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was a prosecution by the City of Jacksonville to recover a penalty for violation of an ordinance of the city, prohibiting the sale of liquor and beer.

The first objection, that the city was not a municipal corporation, because its charter had never been published in Jacksonville, as required by its terms, is one that cannot be raised in this proceeding, as decided in *President & Trustees of Mendota* v. *Thompson*, 20 Ill. 200. The proof of the publication of the ordinance, in regard to which a point is also made, is such as the charter authorizes.

The main objection urged by appellant as a ground for reversing the judgment is, that the ordinance is unconstitutional. But this question, so far as it relates to the retailing of liquor or beer, is not an open question in this court. It was very fully considered in *Goddard* v. *The Town of Jacksonville*, 15 Ill. 590, and since that decision, others have been made in which the validity of similar ordinances has been assumed without discussion.

It is said, however, that the ordinance in question prohibits not only the sale of liquor by retail but by wholesale, and therefore cannot be sustained as a police regulation. But this prosecution was for the sale of beer by the glass, in what is called a "saloon," and therefore does not involve the question of the power of the city to forbid its sale as an article of commerce, to be carried beyond the limits of the city, or used for mechanical or domestic purposes. Such a case is not before us. The facts which are presented by the record not only show a violation of the terms of the ordinance, but a violation of such a character as to be clearly within the constitutional reach of the city prohibition. The ordinance may be too comprehensive in its provisions, and cover cases which the city has no power to control, but that is no reason why we should refuse

to enforce it, in cases over which the power of the city is unquestionable.

It is also insisted, that the court erred in refusing to instruct the jury, that the prosecution must prove the beer sold to be of an intoxicating character.   The objection is not well taken. The charter of the city, in express terms, gave the city power to prohibit the sale of beer without defining its quality or character.   The ordinance follows the language of the charter, and the proof shows that beer was sold.   The city did not see proper to confine the prohibition to beer of an intoxicating quality, and we have no right to interpolate such a qualification.   The city council may have supposed it important to prevent the establishment of any species of beer shops, in view of the fact that intoxicating drinks are so often sold in places which openly deal only in harmless beverages.   The existence of shops for the vending of any species of beer is certainly not important to the well-being of a community, and we are not prepared to say their prohibition is such an abridgment of the rights of the citizen, that the legislature cannot clothe cities with that power.   That the legislature did not intend to confine its grant of power to the  prohibition of beer of an intoxicating character, is evident from the fact that the charter authorizes the council to prohibit the sale of soda water.

*Judgment affirmed.*