## The People of the State of Illinois, Defendant in Error, v. Shelby Vaughn, Plaintiff in Error.

### Gen. No. 6,676.

1.  CRIMINAL LAW, § 577*—*when defendant waives objection that verification of information was on information and belief only.* By bringing the cause to the Appellate Court for review, one found guilty of assault and battery waives the objection that the information on which he was arrested and tried was verified by the State's Attorney upon information and belief only, notwithstanding the question was preserved by proper motions in the court below.

2.  CRIMINAL LAW, § 83*—*when result of one prosecution does not bar another.* It is not sufficient that the act is the same to make the result of one prosecution a bar to another.

3.  CRIMINAL LAW, § 84*—*when prosecution for assault and battery not barred on ground on former acquittal.* It is no defense to a prosecution for assault and battery that defendant, by the same blow alleged as the assault, struck the prosecuting witness and another and that he had been prosecuted for the assault and battery on such other and had been acquitted.

Error to the County Court of Henderson county; the Hon. JAMES W. GORDON, Judge, presiding. Heard in this court at the April term, 1919. Affirmed. Opinion filed December 17, 1919.

M. E. NOLAN and H. A. WELD, for plaintiff in error.

ALBERT F. FAWLEY and SCOFIELD, HARTZELL & CALIFF, for defendant in error.

MR. JUSTICE DIBELL delivered the opinion of the court.

Shelby Vaughn was prosecuted, convicted and fined in the County Court of Henderson county for an assault and battery upon the person of Ward Gibson and has sued out this writ of error to review said judgment.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The information on which he was arrested and tried was verified by the State's Attorney upon information and belief only. Vaughn argues that this was a violation of his constitutional rights, under *People v. Clark*, 280 Ill. 160, and *People v. Honaker*, 281 Ill. 295. He preserved this question by proper motions in the court below, which the court denied. But by bringing the cause to the Appellate Court he has waived the defect, if any. *People v. Powers*, 283 Ill. 438; *People v. Reed*, 287 Ill. 606. We disregarded this rule in *People v. Berger*, 210 Ill. App. 532, decided by us at about the same time that the Supreme Court decided the *Powers* case, *supra*, but the present point that coming to the Appellate Court waived that error was not there raised.

Vaughn struck Gibson at a social gathering at a schoolhouse in Henderson county, and no justification was shown for the act. The sole defense on the merits here relied on is that by the same blow he hit both Gibson and one Berresford; that he was prosecuted for that assault and battery on Berresford and was acquitted, and that that acquittal requires his acquittal in this case. He offered further proof than the People had introduced to show that the same blow hit both men, and he offered the record showing his prosecution and acquittal, and the court refused to admit the testimony, and he preserved the correctness of that ruling for review here. Whatever the law on that subject may be in other jurisdictions, we regard it as settled in this State that it is not enough that the act is the same in order to make the result of one prosecution being a bar to another, but the offense also must be the same. *Nagel v. People*, 229 Ill. 598; *People v. Mendelson*, 264 Ill. 453. In the latter case the defendants were indicted, tried and acquitted for breaking and entering a certain building and stealing the goods of a certain firm. They were then tried upon an indictment for the same breaking and entry of the same

building at the same time and stealing the goods of another firm. It was held that the first acquittal was not a defense to the second indictment. See also *Freeland v. People,* 16 Ill. 380; *Peri v. People,* 65 Ill. 17, 22. The judgment is therefore affirmed.

*Affirmed.*