STATE v. EUGENE A. HOSMER.[1]

December 19, 1919.

No. 21,600.

**Enforcement of War Prohibition Act — state statute.**

1. Chapter 455, Laws of 1919, expresses a purpose to provide for the enforcement of the act of Congress, commonly known as War Prohibition. This does not limit the operation of the statute to the matters prohibited by the act of Congress, if, by its terms, it is broader than the act of Congress. The state statute is a separate, complete and independent act.

[1]Reported in 175 N. W. 683.

**Intoxicating liquor — exercise of police power.**

2. A state statute, absolutely prohibiting, within the limits of the state, the manufacture and sale of intoxicating liquors, is a warranted exercise of the police power of the state. It is not in contravention of our state Constitution or of the Constitution of the United States.

**Same — accomplishment of end in view.**

3. The ultimate purpose of prohibition is to prevent the excessive use of intoxicating liquors. To accomplish that purpose, and to prevent evasions, the legislature may prohibit the traffic, the sale, the transportation, the possession and the manufacture, even for the use of the manufacturer.

**Indictment — use as beverage.**

4. It is not necessary, in an indictment under our statute, to allege that the liquor was potable as a beverage.

**Intoxicating liquor—prohibitions of statute.**

5. The prohibitions of our statute are not limited to liquors manufactured from grains, cereals, fruit, or other food products.

**Same — manufacture for private use forbidden.**

6. The statute forbids the manufacture of intoxicating liquor for the private use of the manufacturer.

Defendant was indicted by the grand jury of Hennepin county charged with the crime of manufacturing one quart of intoxicating liquor commonly called beer to be used as a beverage and containing one-half of one per cent or more of alcohol. Defendant demurred to the indictment. The demurrer was overruled, Jelley, J., and at defendant's request the questions set out at the beginning of the opinion were certified to the supreme court. Affirmed.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, *William M. Nash,* County Attorney, and *Willis I. Norton,* for plaintiff.

*Benjamin Davenport,* for defendant.

HALLAM, J.

The indictment charges that in Minneapolis, Minnesota, defendant manufactured one quart of beer to be used as a beverage and containing one-half of one per cent of alcohol. Defendant demurred to the indict-

ment. The court overruled the demurrer and certified the following questions to this court:

(1)    Does the indictment state facts showing a public offense?

(2)    Should it not state that the liquor was made from grain or cereals, or fruits or other foods as provided by an act of Congress?

(3)    Does the indictment state an offense under chapter 455, Session Laws 1919, without regard to that portion of section 27, referring to the amendment of the United States Constitution and the act of Congress?

(4)    Do the first four lines of section 27 affect the remainder of said chapter as to its scope, validity or invalidity?

(5)    Does the intention of the chapter as expressed in section 27 affect the whole chapter and stamp itself on every clause thereof?

Are these first four lines valid law? ·

(6)    Is not their importance, if valid, so great that the substance thereof should be indicated in the title of the act, and not being indicated, is not the entire act subject to the objection that the subject matter is not expressed in the title?

(7)    Does the expressed intention of the act, to enforce the provisions of the act of Congress, make those provisions the entire basis of this indictment?

(8)    Does the definition of intoxicating liquor, as stated in section 1, bind the judgment of the judge and jury, where it appears that the liquid contains one-half of one per cent of alcohol, and is intended to be used as a beverage, and is the defendant precluded from rebutting the fact, if untrue in fact, by proving that in fact the liquor is not intoxicating?

(9)    Does this chapter prevent the making of intoxicating liquor, where the person so making it in good faith intends it to be used as a tonic for himself or family, and not for other use, and he using his own judgment as to his need of it as such tonic, and without any physician's advice?

(10)    Is the keeping of intoxicating liquor for one's own use, but not for sale or other disposition, unlawful as applied to the general public; and, if not unlawful, would it be unlawful for him to make other

liquor of the same kind to replace that consumed by him, all being for his own use and not for sale or other disposition?

1. The prosecution is under chapter 455, p. 537, Laws of 1919. Section 27 of the statute contains this language: "This act is intended to provide for the enforcement of * * * the provisions of the act of Congress of November 21, 1918, commonly known as War Prohibition." This expression of the motive or purpose of the legislature in passing the statute is of little importance save as it may, in a doubtful case, aid in construction. It does not restrict the plain language of the statute. It does not limit the operation of the statute to the matters prohibited by the act of Congress, if by its terms it is broader than the act of Congress. It is the expression of a purpose to make more effective the prohibition imposed by the act of Congress,[1] but the state statute is, notwithstanding, a separate, complete and independent act.

2. A state statute, absolutely prohibiting, within the limits of the state, the manufacture and sale of intoxicating liquor as a beverage, is a warranted exercise of the police power of the state. 23 Cyc. 77, and cases cited. Such a statute is not in contravention of any provision of our Constitution. This is well established in states having constitutions similar to our own. Santo v. State, 2 Iowa, 165, 63 Am. Dec. 487; People v. Hawley, 3 Mich. 330; Lincoln v. Smith, 27 Vt. 328, 362; Menken v. City of Atlanta, 78 Ga. 668, 2 S. E. 559; Kettering v. City of Jacksonville, 50 Ill. 39. Nor is it in contravention of the Constitution of the United States. Bartemeyer v. Iowa, 18 Wall. 129, 21 L. ed. 929; Beer Co. v. Massachusetts, 97 U. S. 25, 24 L. ed. 989; Foster v. Kansas, 112 U. S. 201, 5 Sup. Ct. 8, 97, 28 L. ed. 629; Mugler v. Kansas, 123 U. S. 623, 8 Sup. Ct. 273, 31 L. ed. 205; Kidd v. Pearson, 128 U. S. 1, 9 Sup. Ct. 6, 32 L. ed. 346.

3. The ultimate purpose of prohibition is to prevent the excessive use of intoxicating liquor with the incidental evil results therefrom. See State of West Virginia v. Adams Express Co. 219 Fed. 794, 135 C. C. A. 464, L.R.A. 1916C, 291; Marks v. State, 159 Ala. 71, 48 South. 864, 133 Am. St. 20; State v. Phillips, 109 Miss. 22, 67 South. 651,

[1] [40 St. 1046.]

L.R.A. 1915D, 530. The state may adopt such measures as are reasonably appropriate to accomplish that end, and, to make the prohibition effective, and to prevent evasions, the legislature may prohibit the traffic, State v. Conlin, 27 Vt. 318; the sale, State v. Bass Pub. Co. 104 Me. 288, 71 Atl. 894, 20 L.R.A. (N.S.) 495; the transportation, Kizer v. State, 140 Tenn. 582, 205 S. W. 423; the possession, Crane v. Campbell, 245 U. S. 304, 38 Sup. Ct. 98, 62 L. ed. 304; State v. Macek, 104 Kan. 742, 180 Pac. 985; and the manufacture, even for the use of the manufacturer, State v. Marastoni, 85 Ore. 37, 165 Pac. 1177; State v. Fabbri, 98 Wash. 207, 167 Pac. 133, L.R.A. 1918A, 416. See also Woolen & Thornton, Intoxicating Liquors, § 114.

4. · The statute defines intoxicating liquor to mean "any distilled, fermented, spirituous, vinous or malt liquor * * * of any kind potable as a beverage." Defendant contends that the indictment is insufficient in that it does not charge that the liquor was "potable as a beverage." It does allege that the liquor was manufactured to be used as a beverage. That liquor manufactured to be used as a beverage is potable, that is, drinkable, is necessarily implied.

5. Defendant refers to section 1, subd. 4 of the act of Congress[1] which provides that "no grains, cereals, fruit or other food products, shall be used in the manufacture or production of beer, wine, or other intoxicating malt or vinous liquor for beverage purposes," and insists that, since our statute is in aid of the enforcement of the act of Congress, it should be construed as prohibiting only the manufacture of liquor from the products above mentioned. The above language is not the only prohibitory language of the act of Congress. The same section also prohibits the sale of beer, wine or other intoxicating malt or vinous liquor for beverage purposes. But this is not important. As above stated the prohibitions of our own statute are to be found in the statute itself and not elsewhere. They are not limited by the act of Congress.

6. Defendant contends that this statute does not forbid the manufacture of intoxicating liquor, except when manufactured for purpose of transportation or sale, and that, since the indictment does not allege either, it is insufficient. We do not agree with this construction of the statute. The statute makes unlawful the "manufacture, sale, disposition or transportation * * * or the keeping or having in possession for

[1][40 St. 1046.]

sale, disposition or transportation," save for such medicinal or other purposes as are elsewhere excepted from the prohibition of the statute. It prohibits manufacture for the private use of the manufacturer as well as for sale. No other construction seems to us possible. Defendant contends the words "for sale" appearing after the word "possession" qualifies each one of the preceding words, namely, manufacture, sale, disposition, transportation and keeping or having in possession. To our minds this is not a possible construction of the language. The words "for sale, disposition or transportation" in the latter part of the sentence were intended to qualify only the words, "the keeping or having in possession." To hold that these words or either of them qualify the same words as used in the earlier part of the sentence would result in manifest absurdity. Neither do any of them qualify the word "manufacture."

Some of the questions certified are discussed is State v. Brothers, supra, page 337, 175 N. W. 685, and the discussion is not repeated here.

The first, third and ninth questions are answered yes.

The second, sixth and seventh are answered no.

The other questions are answered as follows:

Fourth. The words of section 27 mentioned do not limit the remainder of the statute nor affect its validity.

Fifth. The words of section 27 mentioned are to be taken into account in construing the law. They do not invalidate it.

Eighth. Same as answer to question number 9 certified in State v. Brothers.

Tenth. All manufacture of intoxicating liquor to be used as a beverage is forbidden. Possession for sale, disposition or transportation is forbidden.

Order affirmed.