## STATE v. HARRY A. BROWN.
## STATE v. EMIL FRIEND.[1]

February 10, 1922.

Nos. 22,546, 22,547.

**Indictment—no variance.**

    1. An indictment charged unlawful dealing in an intoxicating liquor, to-wit, wine of pepsin. The proof was of dealing in an article called wine of pepsin, but which was in fact sherry wine. There was no variance.

**Intoxicating liquor deemed to be "potable as a beverage."**

    2. Where the indictment charges dealing in intoxicating liquor, it will be implied that the liquor is potable as a beverage.

**Wine of pepsin.**

    3. There is sufficient evidence that wine of pepsin is a beverage and not a medicine.

**Liquor furnished at place where order is taken.**

    4. An order was taken at Warren for liquor to be shipped C. O. D. by a dealer in Minneapolis to a customer at Warren. There was no valid contract in the case. The transaction was void at every step and there was a furnishing of the liquor at Warren.

**Proof as of certain time not proof of same fact at prior time.**

    5. Proof that a party was manager of a corporation February 28 has no tendency to prove that he was such manager on January 26 preceding.

    Defendant Friend was indicted by the grand jury of Marshall county charged with the crime of soliciting and receiving an order for intoxicating liquor; defendant Brown was indicted for the crime of selling and disposing of the liquor at Warren. Defendants were tried in the district court for that county before Grindeland, J., and a jury and found guilty as charged in the indictment. From orders denying their motions for judgments notwithstanding the verdicts

[1] Reported in 186 N. W. 946.

or for new trials, both parties appealed. New trial granted defendant Brown; judgment affirmed as to defendant Friend.

*George B. Leonard,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, and *A. N. Eckstrom,* County Attorney, for respondent.

HALLAM, J.

Defendant Friend was convicted of the crime of soliciting and receiving an order for intoxicating liquor, to-wit, wine of pepsin, at Warren, Marshall county, Minnesota. Defendant Brown was convicted of the crime of selling and disposing of the same liquor at Warren. Both appeal.

1. It was clearly proved that defendant Friend solicited and received an order for 12 pint bottles of wine of pepsin at the time and place charged. It was also proved that wine of pepsin is essentially sherry wine and contains 22 per cent alcohol, that the ingredient of pepsin is very small and soon becomes "inactive" or disappears.

Defendants contend that whereas the indictment charged dealing in an intoxicating liquor, to-wit, wine of pepsin, the proof pertained to dealing in sherry wine, and that the proof was therefore of an offense not charged in the indictment. The proof was of solicitation and sale of wine of pepsin and further that wine of pepsin is to all intents and purposes a disguised sherry wine. There was no variance.

2. Contention is made that the indictments are faulty, because there is no allegation that wine of pepsin is "potable as a beverage." With this we do not agree. This allegation was held not indispensable in State v. Hosmer, 144 Minn. 342, 175 N. W. 683. The statute defines intoxicating liquor to include and mean "ethyl alcohol and any distilled, fermented, spiritous, vinous or malt liquor or liquid of any kind potable as a beverage." Chapter 455, p. 537, Laws 1919. When a liquid is described as "intoxicating liquor," in our opinion that signifies that it is "potable as a beverage." Liquor can intoxicate only when used as a beverage.

3. Defendants contend that wine o'f pepsin is a medicine, not a liquor. As above stated, the state's proof is that it is simply sherry wine with an ingredient of pepsin that soon disappears. It is clearly a liquor and not a medicine.

4. Defendant Brown contends that the sale in this case was made in Minneapolis and that, if a crime was committed, it was committed there, and that under section 6, art. 1, of the Constitution of Minnesota, he could not be tried in Marshall county. The evidence is that defendant Friend, as salesman for the Minneapolis Beverage Company, took an order for the liquor at Warren in Marshall county, and that it was to be shipped to the customer from Minneapolis by express C. O. D. It was so shipped and it was consigned to the customer.

If this were a case of sale of goods that could lawfully be sold, no doubt Minneapolis would be the place of sale. Where goods not specific are ordered by description and are to be shipped by seller to buyer, the sale takes place when goods answering the description are appropriated to the contract, and appropriation is presumably complete when the seller delivers the goods to a carrier consigned to the buyer. The carrier is the agent of the buyer to accept delivery. The fact that the goods are sent C. O. D. does not change the rule. The Uniform Sales Act (Laws 1917, p. 772, c. 465, § 19), settles this and such was always the law. Ammon v. Illinois Cent. R. Co. 120 Minn. 438, 139 N. W. 819; 10 C. J. 278, 279.

But this was not a sale of goods that could lawfully be sold. It requires a contract to pass title before actual delivery. It requires a contract to constitute the carrier the agent of the buyer to accept delivery for the buyer. There was no real contract in this case. The transaction was void at every step. Whether any offense was committed before the liquor arrived at Warren we need not determine, but in our opinion there was a "furnishing" of liquor in Marshall county, and a "furnishing" is a "sale" within the meaning of the statute. Chapter 455, p. 537, Laws 1919.

5. As to defendant Brown there is, however, one exception that is fatal to the state's case. He is charged with the unlawful sale on the theory that he was manager of the Minneapolis Beverage

Company. If he was such manager we are of the opinion that he might be liable criminally for sales made by the sales agents of the company. 23 Cyc. 257; State v. Mahoney, 23 Minn. 181; State v. Mueller, 38 Minn. 497, 38 N. W. 691, but there is no evidence that he was such manager at the time of this transaction. The only evidence on this subject is that he was manager of the company on February 28, a date subsequent to the return of the indictment. The transaction on which this prosecution is based took place January 26. Evidence that Brown was manager February 28 had no tendency to prove that he was manager a month before.

As to defendant Brown a new trial is granted. As to defendant Friend the judgment is affirmed.