## STATE v. HARRY A. BROWN.[1]

April 20, 1923.

No. 23,327.

**Sale of liquor when shipped upon order.**

1. An order for the sale of intoxicating liquor, taken at Warren, Marshall county, by the representative of a copartnership doing business in Minneapolis, the liquor being shipped C. O. D., and received by the customer at Warren, constituted a sale in Marshall county, following State v. Brown, 151 Minn. 340.

**Conviction of partner for sale by firm sustained.**

2. All sales of intoxicating liquor by the copartnership were unlawful. The evidence sustains a finding that the defendant was a partner actively engaged in the copartnership business conducted at Minneapolis. He was properly found guilty of making the sale in Warren, though it was not shown that he participated in the particular sale; and there was no variance between the allegation of the indictment charging a sale by such partner at Warren, and proof of a sale made as before stated.

After the former appeal reported in 151 Minn. 340, 186 N. W. 946, the case was tried before Grindeland, J., and a jury which found defendant guilty as charged in the indictment. From an order denying his motion for judgment notwithstanding the verdict or for a new trial and from the verdict, defendant appealed. Affirmed.

*Axel A. Eberhart,* for appellant.

*Clifford L. Hilton,* Attorney General, and *James E. Markham,* Assistant Attorney General, for respondent.

DIBELL, J.

The defendant was convicted of the crime of selling intoxicating liquors, and appeals.

1. The indictment alleges that the sale was made at Warren, Marshall county, on January 26, 1921. The case was here on a for-

[1]Reported in 193 N. W. 169.

mer appeal. State v. Brown, 151 Minn. 340, 186 N. W. 946. The evidence then was, as it is now, that a representative of the Minneapolis Beverage Company took an order for the liquor at Warren; that it was to be shipped from Minneapolis by express C. O. D.; that it was so shipped; and that it was received by the customer. On the former appeal it was held that such a sale was a furnishing at Warren. The statute provides that "the terms 'sell' and 'sale' shall include all barters, gifts, and all means of furnishing liquor in violation or evasion of law." Laws 1919, p. 537, c. 455, § 1. Under the facts stated there was a sale at Warren.

2. The case was reversed because it was not shown that the defendant was a manager of the beverage company at the time of the sale on January 26, 1921, as was then the claim of the state. The evidence went no further than to show that he was manager on February 28, 1921. The evidence on this trial sustains a finding that prior and subsequent to January 26, 1921, the defendant was a partner in the beverage company, and active in its business; and it justifies a fair inference that he was in charge of the business or actively participated in it at the time of the sale on January 26, 1921. Intoxicating liquor could not be sold lawfully by the beverage company. All its sales were unlawful. We need not inquire into the liability, in general, of a partner for a crime committed by another of the copartnership in the doing of an act connected with the copartnership business. Where, as here, a partner is active in the copartnership business, and all the sales of the copartnership of the article in question are unlawful, he may be found guilty, though it is not shown that he participated in the particular sale; and in such case there is no variance between the allegation that the defendant made the sale and proof that the purchase was made from the representative of the partnership. The language of the indictment is general. It does not allege a sale in a particular manner.

We have examined the cases cited by counsel for the defendant and for the state. We need not review them. It is an important fact that the partnership could not make a lawful sale of the particular article here involved in which it was dealing. On the former

appeal it was substantially held that if the defendant participated, as the evidence now shows that he did, he was criminally liable for the sale made at Warren.

Order affirmed.