THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* DOMINIC ALFANO, Plaintiff in Error.

*Opinion filed October 28, 1926.*

1. PROHIBITION—*phrase "except as authorized" does not render indictment insufficient.* An indictment which in all other respects properly charges the defendant with the unlawful selling of intoxicating liquor is not insufficient because the charge is qualified by the phrase "except as authorized in the Illinois Prohibition act." (*People* v. *Zalapi*, 321 Ill. 484, followed.)

2. SAME—*right of State to prohibit possession, sale and use of intoxicating liquor as a beverage is inherent in police power.* The right to enact laws prohibiting the manufacture, sale, transportation or possession, for use as a beverage, of intoxicating liquor and depriving it of its character as property is inherent in the police power of the State, and such power is not derived from the eighteenth amendment to the Federal constitution nor from the State constitution.

3. SAME—*State may adopt means to make prohibition effective.* As the State has power to prohibit the traffic in intoxicating liquor it has the power to adopt any means reasonably adapted to make prohibition effective, provided constitutional rights are not violated.

4. SAME—*indictment need not allege intoxicating liquor possessed or sold was fit for beverage purposes.* A charge of violation of the Prohibition act in the possession and sale of intoxicating liquor need not specify the kind of liquor sold nor allege that it was fit for use as a beverage as the statute has defined the term "intoxicating liquor," and a defendant so charged with a violation of the statute is sufficiently informed of the nature of the charge.

5. CRIMINAL LAW—*when indictment charging statutory offense is sufficient.* An indictment charging a statutory offense is sufficient if the offense is stated in the language of the statute and so plainly that the nature of the crime may be easily understood by the jury.

WRIT OF ERROR to the Circuit Court of Winnebago county; the Hon. EARL D. REYNOLDS, Judge, presiding.

ROY F. HALL, and W. R. DUSHER, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, WILLIAM D. KNIGHT, State's Attorney, S. S. DuHAMEL, and ALFRED B. LOUISON, for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

Dominic Alfano was convicted in the circuit court of Winnebago county on two counts of an indictment charging him with violations of the Illinois Prohibition act and was sentenced to pay a fine of $500 on each count and also on one of the counts to be imprisoned in the county jail for six months. He has sued out a writ of error, alleging that his constitutional rights were disregarded in the trial.

It is claimed that the court erred in overruling the motion to quash the indictment. One of the counts charged that the defendant did possess for the purpose of sale certain intoxicating liquor without a permit from the Attorney General of the State of Illinois to possess such liquor, and the other that intoxicating liquor unlawfully, and except as authorized in the Illinois Prohibition act, he did sell without having first obtained and without having a permit from the Attorney General of the State of Illinois so to do. It is contended that the latter count is insufficient because the charge of selling is qualified by the phrase "except as authorized in the Illinois Prohibition act," but this contention has been overruled in *People* v. *Zalapi,* 321 Ill. 484.

It is contended that both counts are bad because each lacks the allegation that the intoxicating liquor was fit for use for beverage purposes. It is stated that liquor may be intoxicating in fact or by fiat of the legislature; that the Prohibition act is aimed against the use of intoxicating liquor for beverage purposes, and that it is not unlawful to possess for the purpose of sale, or to sell, the articles mentioned in paragraphs (*b*), (*c*) and (*d*) of section 4 of the act, in a *bona fide* drug store, general store or grocery store. These articles are medicinal preparations manu-

322—25

factured according to certain prescribed formulas, patent or proprietary medicines, toilet, medicinal and antiseptic preparations and solutions, all of such articles being unfit for use for beverage purposes. From these premises it is argued that the defendant might have possessed intoxicating liquor for sale, and sold it, without a permit from the Attorney General, because it is not unlawful to sell the articles mentioned in paragraphs (*b*), (*c*) and (*d*) of section 4, which are unfit for beverage purposes, in a general store or grocery store, though they are, in fact, intoxicating. It is said that the facts alleged in the indictment may all be true and yet no offense against the act have been committed, and therefore the indictment should have informed the defendant whether the intoxicating liquor which he was charged with selling was or was not fit for beverage purposes.

The object of the Prohibition act is stated in section 3 and is to prevent the drinking of intoxicating liquor, as a means of ridding society of the demoralizing effects of drunkenness and of the social and economic waste of an organized traffic producing insanity, poverty and crime. To avoid these evils the State has the right, in the exercise of the police power, not for the benefit of the individual but for the best interest of society, to enact laws prohibiting the manufacture, sale, transportation or possession, for use as a beverage, of intoxicating liquor and depriving it of its character as property. This right is inherent in the State and has its basis in the police power, which is a necessary attribute of civilized government, "by which," it was said by Judge Redfield in *Thorpe* v. *Rutland and Burlington Railroad Co.* 27 Vt. 149, "persons and property are subjected to all kinds of restraints and burdens in order to secure the general comfort, health and prosperity of the State, of the perfect right of the legislature to do which no question ever was, or upon acknowledged general principles ever can be, made, so far as natural persons are concerned." The public welfare is the highest law, and the right and

power are vested in the legislature to protect, by such means as in its judgment seem appropriate, the good order of society and public morals, as well as the lives, the property and the health of its citizens. The legislature derives this power not from the eighteenth amendment to the Federal constitution and not from the State constitution, but it is an attribute of the sovereignty which inheres in the people of the State, so far as they have not restricted it by constitutional limitation.

The injurious effects of the traffic in intoxicating liquor upon society have always been recognized in this State, and from a very early period in its existence such traffic has been restricted with constantly increasing stringency of legislation, culminating in the Dram-shop act of 1874 and the Local Option law of 1907. As the State has power to prohibit the traffic in intoxicating liquors it has the power to adopt any means reasonably adapted to make prohibition effective which do not violate constitutional rights. (*Crane* v. *Campbell*, 245 U. S. 304; *Barbour* v. *Georgia*, 249 id. 454; *Samuels* v. *McCurdy*, 267 id. 188.) So in *Kettering* v. *City of Jacksonville*, 50 Ill. 39, it was held that the city had the power to prohibit the sale of any beverage, though not of an intoxicating quality, in view of the fact that intoxicating drinks are so often sold in places which openly deal only in harmless beverages. Early legislation in Illinois did not contain any statutory definition of the term "intoxicating liquors." In the Revised Statutes of 1845 the sections of chapter 63, on licenses, which deal with the subject, do not use the term, but mention spirituous or vinous liquors, wine, rum, brandy or other spirits, or any mixed or strong liquors. In the Revised Statutes of 1874 the Dram-shop act provided that intoxicating liquors shall be deemed to include all spirituous, vinous or malt liquors. The Local Option law provided that intoxicating liquors shall include all distilled, spirituous, vinous, fermented and malt liquors. After the adoption of the eighteenth amend-

ment to the Federal constitution the whole subject of the traffic in intoxicating liquors in Illinois was revised by the legislature, and the Illinois Prohibition act was adopted for the purpose of aiding in establishing uniformity of State and Federal laws in regard to that subject and as a substitute for the law then existing, which it operated to repeal except as to pending proceedings. (*People* v. *Williams,* 309 Ill. 492.) That act contained the provision that "when used in this act, the word 'liquor' or the phrase 'intoxicating liquor' shall be construed to include alcohol, brandy, whiskey, rum, gin, beer, ale, porter and wine, and in addition thereto any spirituous, vinous, malt or fermented liquor, liquids and compounds, whether medicated, proprietary, patented or not, and by whatever name called, containing one-half of one percentum or more of alcohol by volume which are fit for use for beverage purposes." This definition fixed the meaning of "intoxicating liquor" in Illinois so far as the law of the State concerns itself with the punishment of violations of the prohibition against the manufacture, sale, barter, transportation, delivery, furnishing or possession of intoxicating liquor. A charge of a violation of the law need not specify the kind of liquor sold, otherwise than as intoxicating liquor. It was so decided in *Cannady* v. *People,* 17 Ill. 158, and *Myers* v. *People,* 67 id. 503, and that rule has been consistently observed. It is not necessary to specify the particular variety of intoxicating liquor which was sold, the nature of the compound, whether medicated or not, its alcoholic content or its fitness for use for beverage purposes. If the offense is stated in the language of the statute and so plainly that the nature of the offense may be easily understood by the jury it is sufficient. (*Morton* v. *People,* 47 Ill. 468; *Lyons* v. *People,* 68 id. 271; *White* v. *People,* 179 id. 356; *Glover* v. *People,* 204 id. 170.) The indictment charges a violation of section 3 of the Prohibition act, and no conviction under it could be sustained for the possession or sale of any

liquor not within the statutory definition of intoxicating liquor. *People* v. *Cioppi*, (*ante*, p. 353.)

It is argued that the evidence does not sustain the verdict. Two detectives testified to two or more sales of moonshine liquor; that they bought drinks and each bought a pint bottle of the liquor, and that the bottles were delivered to John Endrez, an instructor in chemistry, who testified that he analyzed the contents and found 50.2 per cent of alcohol by volume in each of them. This evidence was contradicted by the defendant, but it was the duty of the jury to determine which witnesses to believe, and we can not say that their determination was wrong.

When the defendant was testifying the State's attorney asked him on cross-examination, "Did you plead guilty in police court a few days ago to selling liquor?" An objection was sustained to the question and the defendant's attorney asked leave to withdraw a juror, but the court denied the motion. This is assigned for error. The question was improper, the State's attorney violated his official duty and professional propriety in asking it. The court properly sustained the objection, and the action was not such as upon the record in this particular case requires a reversal of the judgment.

Objections were made to instructions given and refused, but in our judgment the record shows no prejudicial error in the rulings of the court.

A search warrant was issued in this case and all the other questions in the record pertain to its issue and the proceedings under it. The questions are the same, in substance, as those determined in the case of *People* v. *Zalapi, supra,* and the court did not err in its action.

The judgment is affirmed.　　*Judgment affirmed.*