## The People of the State of Illinois, Defendant in Error, v. Peter San Filippo, Plaintiff in Error.

### Gen. No. 7,668.

1. INTOXICATING LIQUORS—*when indictment sufficiently designates liquor as beverage.* In view of Cahill's St. ch. 43, ¶ 2, defining intoxicating liquor, an indictment designating liquor, alleged to have been unlawfully sold, as intoxicating, thereby sufficiently designated such liquor as fit for beverage purposes.

2. CRIMINAL PROCEDURE—*sufficiency of indictment where one count good.* A verdict finding defendant guilty in the manner and form as charged in the indictment, being equivalent to a general verdict of guilty, will be sustained notwithstanding one count of such indictment may be defective, where the other count is good and the evidence sustains it.

3. INTOXICATING LIQUORS—*when election as to particular sale relied on not required.* Where an indictment in two counts charging the sale of intoxicating liquor in violation of the Prohibition Law was supported by evidence of several illegal sales, it was not error to refuse to compel the People to elect upon which sale they would rely for a conviction, defendant having been fully informed by the indictment as to the nature of the charge against him and having denied making any sales at all.

4. INTOXICATING LIQUORS—*when evidence of search properly excluded.* In a prosecution for unlawful sale of intoxicating liquor on several specific dates, evidence concerning a search of defendant's premises under a warrant issued six days after the last day on which he was alleged to have made such sales was properly excluded as irrelevant to any issue in the case.

5. CRIMINAL PROCEDURE—*when instruction on reasonable doubt not prejudicial.* Defendant in a prosecution for an offense held not prejudiced by the giving of an instruction defining the ''reasonable doubt'' which may properly form the motive of a juror in voting not guilty.

6. CRIMINAL PROCEDURE—*when instruction not prejudicial.* Defendant in a prosecution for unlawful sale of liquor held not prejudiced by the giving of an instruction in the language of Cahill's St. ch. 43, ¶ 28, denouncing the possession of liquor or property intended to be used in violation of the Prohibition Law, where such defendant was not found guilty of such possession.

7. CRIMINAL PROCEDURE—*when instruction not prejudicial.* Instruction in the language of Cahill's St. ch. 43, ¶ 3, given in a prosecution for unlawful sale of intoxicating liquor without reference to the facts, held not prejudicial.

8. INTOXICATING LIQUORS—*when instruction on burden of proof of permit correct.* In a prosecution under an indictment charging unlawful sale of intoxicating liquors without a permit from the Attorney General, an instruction placing upon the defendant the burden of proving possession of such permit held proper.

9. INTOXICATING LIQUORS—*when verdict not against weight of evidence.* Verdict of guilty, in a prosecution for unlawful sale of intoxicating liquor, held not so manifestly against the weight of the evidence as to require reversal.

Error by defendant to the Circuit Court of Winnebago county; the Hon. EARL D. REYNOLDS, Judge, presiding. Heard in this court at the October term, 1926. Affirmed. Opinion filed January 20, 1927.

ROY F. HALL and W. R. DUSHER, for plaintiff in error.

WILLIAM D. KNIGHT, State's Attorney, and ALFRED B. LOUISON, Assistant State's Attorney, for defendant in error.

MR. JUSTICE JETT delivered the opinion of the court. Peter San Filippo, plaintiff in error, was indicted by the grand jury of the county of Winnebago for violating the Illinois Prohibition Law [Cahill's St. ch. 43]. The indictment contains two counts. The first charges that Peter San Filippo, plaintiff in error, on January 11, 1926, at and within the county of Winnebago, and

State of Illinois, did sell intoxicating liquor unlawfully and wilfully, without having a permit from the Attorney General of the State of Illinois to sell such liquor. The second charges that the plaintiff in error on the 11th day of January, 1926, in the said county and State, certain liquor, to wit, one-half pint of spirituous liquor containing one-half of 1 per cent and more of alcohol by volume and fit for beverage purposes, did unlawfully and wilfully sell, without having a permit from the Attorney General of the State of Illinois to sell liquor.

A motion was made by the plaintiff in error to quash the indictment, which motion was by the court denied and the plaintiff in error excepted. To the indictment the plaintiff in error entered a plea of not guilty. A jury trial was had and the plaintiff in error was found guilty and the jury returned the following verdict: "We the jury find the defendant guilty in manner and form as charged in the indictment."

Motions for a new trial and in arrest of judgment were made and denied. The plaintiff in error was sentenced to pay a fine of $1,000, and also to be confined in the county jail for the term of six months and to pay the costs. To which judgment the plaintiff in error excepted and sued out this writ of error.

A number of reasons are assigned for a reversal of the judgment. Many of the reasons, however, are not argued and we will consider those that are argued by the plaintiff in error in support of his contention for a reversal of the judgment. It is insisted first that the first count of the indictment is bad for the reason that it does not charge that the intoxicating liquor was fit for beverage purposes. It will be observed that the indictment uses the term "intoxicating liquor" in the said first count and such liquor includes brandy, whisky, rum, gin, beer, ale and wine, and in addition thereto any spirituous, vinous, malt or fermented liquor, liquids and compounds whether medicated, pro-

prietary, patented or not, and by whatever name called, containing one-half of 1 per cent or more of alcohol by volume, which are fit for use for beverage purposes as defined in section 2 of the act [Cahill's St. ch. 43, ¶ 2]. Under such a definition, when a liquor is described as "intoxicating liquor" that designation signifies that it is "potable as a beverage," or "fit for beverage purposes." *State v. Brown,* 151 Minn. 340, 186 N. W. 946, a decision of the Supreme Court of Minnesota. The case of *State v. Brown, supra,* finds support in *State v. Hosmer,* 144 Minn. 342, holding in substance that when a liquor is described as "intoxicating liquor," that designation of it signifies that it is potable as a beverage or fit for beverage purposes, as liquor can intoxicate only when used as a beverage.

A count in an indictment charging unlawful possession of intoxicating liquor for the purposes of sale need not allege that the liquor was fit for beverage purposes, as the term "intoxicating liquor" signifies that it is potable or fit for beverage purposes. *People v. Cioppi,* 322 Ill. 353.

A charge of violation of the Prohibition Act in the possession and sale of intoxicating liquor need not specify the kind of liquor sold nor allege that it was fit for use as a beverage as the statute has defined the term "intoxicating liquor," and a defendant so charged with a violation of the statute is sufficiently informed of the nature of the charge. *People v. Alfano,* 322 Ill. 384. In view of the rule as announced in the authorities hereinbefore cited, we are of the opinion that the court did not err in refusing to quash the first count of the indictment. Furthermore no argument appears to have been made in support of the motion to quash the second count of the indictment. The verdict returned by the jury found the defendant guilty in manner and form as charged in the indictment. Since the verdict did not refer to any count on

which the finding of guilty was made but was a find-
ing of guilty on both counts it may be treated as a
general verdict of guilty. Where there are one or
more counts in an indictment and the evidence sup-
ports the charge in a good count, the proof under a
general verdict of guilty will be referred to the good
count and the conviction sustained. *People v. Jones,*
263 Ill. 564. It will be seen therefore that if the con-
tention of the plaintiff in error was good as to the
first count still the judgment of the court could be sus-
tained under the second count of the indictment to
which no objections have been made by way of argu-
ment by the plaintiff in error.

It is next urged by the plaintiff in error that the
court erred in refusing to require the People to elect
upon which of the alleged sales they would rely for a
conviction. It is conceded there was evidence of sev-
eral alleged sales introduced. It is not claimed that
the court erred in allowing evidence of the various
sales to be introduced. It is conceded that such evi-
dence was proper for the purpose of corroboration.
It is said the court should have required the State
to elect so that the defendant would have been in a
position to know the exact offense with which he was
charged, and could thereby properly defend himself.
The indictment informed him of the nature and char-
acter of the charge. The record discloses that the de-
fendant denied making any sales at all, to the wit-
nesses or any of them, who were called on the part
of the prosecution, therefore, he was not prejudiced
by the action of the court in refusing to require the
people to elect which sale they would rely upon for a
conviction. One charged with a violation of the Pro-
hibition Act cannot by multiplying his sales diminish
the volume of competent testimony against him, or
confine the proof of one particular sale.

It is next insisted by the plaintiff in error that the
court erred in refusing to admit evidence concerning

a search of his premises made on January 9, 1926. The last alleged sale relied upon by the prosecution was on the 3rd day of January, 1926. The record discloses that the search which was had was made under a search warrant dated January 9, 1926. The accused was not charged with the possession of liquor or of the making of sales on the 9th day of January, 1926, and for the purposes of this prosecution it is quite immaterial what the condition of the place was at that time, and for that reason the complaint and search warrant offered by the plaintiff in error tended neither to support nor dispute any issue before the court, and were properly ruled out by the court. No error was committed in refusing to permit the defendant to introduce testimony relative to the alleged search.

It is also contended that the court erred in giving Instructions 2, 8, 9, 10, 11 and 12 offered by the People. Instruction No. 2 informed the jury that the doubt which the juror is allowed to retain in his own mind, and under the influence of which he should frame a verdict of not guilty, must always be a reasonable doubt. A doubt produced by undue sensibility in the mind of any juror, in view of the consequences of his verdict, is not a reasonable doubt, and a juror is not allowed to create sources or materials of doubt by resorting to trivial and fanciful suppositions and remote conjectures as to possible state of fact different from that established by the evidence. This is an old stock instruction that has been given frequently and it certainly did not work any harm to the plaintiff in error.

The eighth instruction is as follows: "The court instructs the jury, in the language of Section 28 of the Illinois Prohibition Act, that it shall be unlawful to have or possess any liquor intended for use in violation of this act, or property designed for the illegal manufacture of liquor, and no property rights shall

exist in any such liquor or property." The accused was not found guilty of possession. We can see no good reason for the giving of this instruction nor can we see wherein it was harmful to the plaintiff in error.

Instruction No. 9 purports to be in the language of section 3 of the Prohibition Act [Cahill's St. ch. 43, ¶ 3]. The instruction merely set out the provisions of the statute and did not refer in any way to the facts in the case. The jury was simply informed what the law was in the language of the law itself. This instruction was given in *People v. Sepich*, 237 Ill. App. 178, and the same objection was made there that is made here by plaintiff in error. On page 185 in the *Sepich* case the court, in discussing the instruction, said: "The second instruction advises the jury in the language of the statute that 'it is unlawful for any person to manufacture, sell, * * * or possess' intoxicating liquors except as authorized by the act. The advice was clearly within the bounds of propriety. The exception is explained by inserting in immediate connection therewith the conditions exempting vendors and possessors from prosecution. It is said in criticism the court should not submit to the jury the construction of the statute, and it did not do so. The interpretation clause found in the section was given along with the purview of the section, but it could not and doubtless did not mislead the jury in this case."

Instruction No. 10 has to do with the question of liquor being fit for beverage purposes. What we said relative to the first count of the indictment meets the objection made in instruction No. 10.

Instruction No. 11 relates to the question of proof of time and is particularly applicable to cases of this character where the evidence is of a continuous selling and covers different days.

The twelfth instruction is as follows: "The court further instructs you that unless it appears from the evidence in this case that the defendant had the per-

mit mentioned in the indictment, or either of the counts thereof, then the averment in the indictment that the defendant had no such permit from the Attorney General may be taken as true by you." It is insisted that this was a material averment and that the People were required to prove it beyond a reasonable doubt. It is also insisted that the burden was placed upon the plaintiff in error of proving that he did not have a permit from the Attorney General. The general rule is, in prosecutions for criminal offenses, that where the subject matter of a negative averment lies particularly within the knowledge of the defendant, the averment, unless disproved by the defendant, will be taken as true. *People v. Hollenbeck,* 322 Ill. 443, 448-449, and cases there cited. It was proper, therefore, to give instruction No. 12.

In concluding his argument the plaintiff in error says: "Surely, the court cannot consider that this defendant was so conclusively proven guilty that this court should not consider the many reversible errors to which we have called the court's attention." We have considered the questions presented by the plaintiff in error on which he relies for a reversal and have stated our views relative to the same. The defense in this cause rests entirely upon the testimony of the plaintiff in error. The evidence on the part of the prosecution is to the effect that several sales of intoxicating liquor were made by the plaintiff in error.

Whether the evidence was sufficient to warrant a verdict of guilty was in the first instance to be determined by the jury. In criminal cases the rule which has uniformly been applied by this court is that the verdict of a jury will not be set aside unless the finding is so palpably against the weight of the evidence as to indicate that the verdict of the jury is based upon passion or prejudice. *People v. Lutzow,* 240 Ill. 612-616.

The record contains evidence amply sufficient to sus-

tain the verdict. No other conclusion than that of the guilt of the plaintiff in error could be reached if the evidence of the prosecution alone be considered. The jury were not bound to accept the account of the transaction given by the plaintiff in error and disregard that .of the witnesses for the prosecution. To determine the facts and the credibility of the various witnesses is the special function of the jury. Whether the evidence favorable to the defense was sufficient to raise a reasonable doubt of the guilt of the plaintiff in error was a question of fact peculiarly within the province of the jury to determine. This court will not interfere with that determination except where it clearly appears, from a consideration of all the evidence, that there is a reasonable doubt of the defendant's guilt. *People v. Williams,* 240 Ill. 633-638.

The trial court saw and heard the witnesses. The court approved the finding of the jury, and rendered judgment on the verdict. We are of the opinion that no reversible error was committed in the trial of this cause and that the judgment of the circuit court of Winnebago county should be affirmed, which is accordingly done.

*Judgment affirmed.*