## The People of the State of Illinois, Defendant in Error, v. Cecil R. Lull, Plaintiff in Error.

## Gen. No. 7,750.

1. INTOXICATING LIQUOR—*burden to prove sale was made without a doctor's prescription.* A drug store clerk who seeks to justify his alleged illegal sale of intoxicating liquor, by urging the absence of proof that the liquor was sold without a doctor's prescription, should prove that he or the proprietor was authorized by a permit to sell intoxicating liquor.

2. INTOXICATING LIQUOR—*necessity of showing liquor was fit for beverage purposes.* In a prosecution of one under an information for the illegal sale of "intoxicating liquor," it is not necessary to prove that the liquor was fit for beverage purposes, since under Cahill's St. ch. 43, ¶ 2, the term "intoxicating liquor" signifies that it is potable or fit for beverage purposes.

3. INTOXICATING LIQUOR—*necessity of alleging knowledge of seller.* An information charging unlawful sale of intoxicating liquors need not allege that the accused knowingly sold the liquors for beverage purposes, except where it is charged that the liquors are proprietary or patented articles, such as mentioned in Cahill's St. ch. 43, ¶ 4.

4. CRIMINAL PROCEDURE—*harmless error in not identifying intoxicating liquor.* It cannot be successfully urged on review of a conviction for an illegal sale of intoxicating liquor that there was no actual offer of proper identification of the liquor attempted to be used in evidence, where it is not pointed out by the accused wherein he was injured, and where counsel for the accused assumed, in the cross-examination of a witness, that the liquor had been taken from the accused.

5. CRIMINAL PROCEDURE—*identification of accused with person mentioned in information.* There is sufficient proof that "Cecil Robert Lull" is the same person mentioned as "Robert Lull" in an information charging an illegal sale of intoxicating liquor, where the accused testifies that his name is "Cecil Robert Lull" and that he was known as "Robert or Bob Lull," and he was called "Bob Lull" throughout the trial.

6. CRIMINAL PROCEDURE—*waiver of right to have information verified.* The constitutional right of one accused on information of the illegal sale of intoxicating liquor that the information should be verified is waived by proceeding to trial without objection.

7. INTOXICATING LIQUOR—*right to prosecute illegal sale by an information.* The selling of intoxicating liquor is a misdemeanor that can be prosecuted by the filing of an information.

Error by defendant to the County Court of Kendall county; the Hon. ARTHUR G. LARSON, Judge, presiding. H eard in this court at the April term, 1927. Affirmed. Opinion filed September 24, 1927.

WILLIAM C. MOONEY, for plaintiff in error.

R. O. LEITCH, State's Attorney, for defendant in error.

MR. PRESIDING JUSTICE JETT delivered the opinion of the court.

The State's attorney of Kendall county filed an information, consisting of three counts, against Cecil R. Lull, plaintiff in error. The first count charged that the plaintiff in error, on the 10th of October, 1926, did unlawfully sell intoxicating liquor containing in excess of one-half of one per cent by volume of alcohol, and being then and there fit for beverage purposes, without having a permit so to do. The second charged that the plaintiff in error did, on the same date as alleged in the first count, possess intoxicating liquor containing in excess of one-half of one per cent by volume of alcohol and being then and there fit for beverage purposes, without having a permit so to do. The third count charged that the plaintiff in error did, on the date as alleged in the first count, unlawfully fail to make a record of a certain sale of intoxicating liquor

People v. Lull, 246 Ill. App. 53.

containing in excess of one-half of one per cent by volume of alcohol and then and there being fit for use for beverage purposes, by him then and there made to one Edward Fanning.

A motion to quash the information and each count thereof was made and overruled. Subsequently, the second and third counts in the information were nolled by the State's attorney. A jury trial was had and the plaintiff in error was found guilty of selling intoxicating liquor in manner and form as charged in the first count of the information. A motion to set aside the verdict and for a new trial was made by plaintiff in error which was denied. Motion in arrest of judgment was made and denied, and the plaintiff in error was thereafter sentenced by the court to pay a fine of $250 and costs, and to be confined in the county jail of Kendall county for 60 days, from which judgment and sentence plaintiff in error prosecutes this writ of error.

The plaintiff in error urges a reversal because (1) he was employed in a bona fide drug store and there is no proof that the liquor was sold without a doctor's prescription; (2) that there is no proof that the liquor sold was fit for beverage purposes; (3) that there is no proof that the purchase and sale were not made for medicinal purposes; (4) that there is no proper identification of the liquor attempted to be used in evidence; (5) there is no proof that the plaintiff in error was the same person mentioned in the information and charged with the crime. We will consider the reasons in the order as stated herein by the plaintiff in error.

While the record discloses that the plaintiff in error was employed in a bona fide drug store, the Prohibition Act requires a druggist to have a permit for the sale of whisky. Although plaintiff in error was employed in a drug store, yet if he seeks to justify his act in the sale of intoxicating liquor, it was incumbent upon

him to make proof of the fact that he, or the proprietor for whom he worked and for whom he was clerking, was authorized by a permit to sell intoxicating liquor.

It is urged, next, that there is no proof that the liquor sold was fit for beverage purposes. It will be observed that the indictment uses the term "intoxicating liquor" in the first count, and such liquor includes brandy, whisky, rum, gin, beer, ale and wine, and in addition thereto, any spirituous, vinous, malt or fermented liquor, liquids and compounds, whether medicated, proprietary or patented, and by whatever name called, containing one-half of one per cent or more of alcohol by volume, which are fit for use for beverage purposes, as defined in section 2 of the act. (Cahill's St. ch. 43, ¶ 2.) Under such a definition, when a liquor is designated as "intoxicating liquor" that designation signifies that it is "potable as a beverage," or "fit for beverage purposes." *State v. Brown,* 151 Minn. 340, 186 N. W. 946, a decision of the Supreme Court of Minnesota. The case of *State v. Brown, supra,* finds support in *State v. Hosmer,* 144 Minn. 342, holding in substance that when a liquor is described as "intoxicating liquor" that designation of it signifies that it is potable as a beverage or fit for beverage purposes, as a liquor can intoxicate only when used as a beverage. To the same effect see *People v. San Filippo,* 243 Ill. App. 146–148–149. A count in an indictment charging unlawful possession of intoxicating liquor for the purpose of sale need not allege that the liquor was fit for beverage purposes, as the term "intoxicating liquor" signifies that it is potable or fit for beverage purposes. *People v. Cioppi,* 322 Ill. 353. Furthermore, a charge of a violation of the Prohibition Act in the possession and sale of intoxicating liquor need not specify the kind of liquor sold nor allege that it was fit for use as a beverage, as the statute has defined the term "intoxicating liquor" and a defendant so charged with the

violation of the statute is sufficiently informed of the nature of the charge. *People v. Alfano,* 322 Ill. 384.

It is next urged that the information does not charge that the plaintiff in error knowingly sold the liquor for beverage purposes. We are of the opinion that such an averment is unnecessary except where it is charged in the information that the intoxicating liquors are proprietary or patented articles, such as are mentioned in section 4 of the Prohibition Act, Cahill's St. ch. 43, ¶ 4. It is no offense to sell patented medicines, lemon extracts and the like without a permit or a doctor's prescription, but if the druggist knows, or under the circumstances ought to know, that such articles are being sold for beverage purposes, he then becomes liable, under the law, but his knowledge must be both averred and proven.

It is next contended that there was no proper identification of the liquor attempted to be used in evidence. The record discloses that the People's Exhibits "1" and "2" and "1A" and "1B" were identified and throughout the trial of the cause were treated as though they had been offered, but the record fails to disclose that the offer was actually made. It is not pointed out by the plaintiff in error wherein any injury was occasioned to him on the trial of the case by reason of this circumstance of which he complains. In other words, there was nothing in this circumstance which worked any injury to the plaintiff in error. The record also shows that counsel for the plaintiff in error, during the cross-examination of a witness, put this question: "In the Exhibits offered here who put the memo" taken from the auto of Ed Fanning "and other wording on the bottles?" We therefore conclude that there is nothing under the fourth reason assigned for a reversal that caused an injury to the rights of the plaintiff in error.

Lastly, it is urged that there is no proof that plaintiff in error is the same person as mentioned in the

information and charged with the offense of selling intoxicating liquor. The information was filed against the plaintiff in error under the name of Robert Lull. The record discloses that when he took the stand and was examined by his counsel on direct examination, he stated that his name was Cecil Robert Lull. He was then asked by his counsel this question: "You go by the name of Robert or Bob Lull?" and his answer was: "Yes, sir." Throughout the trial the plaintiff in error was called Bob Lull. The only information we have been able to find, after a careful examination of the record, ran against Robert Lull and it was properly verified by Richard O. Leitch. The information was filed by Richard O. Leitch, State's attorney. The plaintiff in error was arrested by the name of Robert Lull.

The record fails to disclose that anything was said relative to the information in the motion for a new trial, nor was the question raised in so far as the record discloses, by the motion in arrest of judgment.

We think the record fully discloses that the plaintiff in error is the same person as mentioned in the information and charged with the violation of the Prohibition Act therein.

It is finally argued in the reply brief of the plaintiff in error, although it does not seem to have been raised in the trial court, that there was no verification of the information. This, evidently, is based upon a misapprehension of the facts. In his reply brief, plaintiff in error claims that the information was amended and, as amended, was not verified. We have already stated that there is only one information in the record and that runs against the defendant by the name of Robert Lull, and he was arrested by that name and it was to this information that he entered a plea of not guilty and entered upon a trial without raising any question of any kind or character relative to the name by which he was charged. If one is charged with a misdemeanor in an information and he enters upon the trial without

raising any objection as to the verification, he waives his constitutional right. In *People v. Honaker*, 281 Ill. 295–299, it was said:

"Without doubt a defendant may waive the benefit of the constitutional provision and would waive it by failing to make any objection."

By bringing the cause to the Appellate Court for review, one found guilty of an assault and battery waives the objection that the information on which he . was arrested and tried was verified by the State's attorney upon information and belief only, notwithstanding the question was preserved by proper motions in the court below. *People v. Vaughn*, 215 Ill. App. 452. In a discussion of the case of *People v. Vaughn, supra,* at page 453 the court, among other things, said:

"The information on which he was arrested and tried was verified by the State's attorney upon information and belief only. Vaughn argues that this was a violation of his constitutional rights, under *People v. Clark*, 280 Ill. 160, and *People v. Honaker,* 281 Ill. 295. He preserved this question by proper motions in the court below, which the court denied. But by bringing the cause to the Appellate Court he has waived the defect, if any. *People v. Powers,* 283 Ill. 438; *People v. Reed,* 287 Ill. 606."

Since the plaintiff in error proceeded to trial upon the information in which he was charged, under the name of Robert Lull, and raised no question as to the verification, he waived his constitutional right and cannot now be heard, even though his position was true, that he assumes at this time.

The bill of rights provides for a trial by a jury, yet one accused of crime may waive the right to a trial by jury; also one who is charged with a misdemeanor, as is done in the case at bar, may waive his constitutional right to a trial by jury. A jury may be waived in a case involving a misdemeanor and such waiver

may be oral or in writing and no particular form is necessary. *People v. Fisher,* 303 Ill. 430. The misdemeanors in which a trial by jury may be waived are such as may be prosecuted otherwise than by an indictment. *Paulsen v. People,* 195 Ill. 507. The selling of intoxicating liquor is a misdemeanor that can be prosecuted by the filing of an information. Whatever may be the contention of the plaintiff in error, the fact remains that the record discloses but one information and that was the one in which the plaintiff in error was charged with the selling of intoxicating liquor under the name of Robert Lull. It is the one to which he interposed a plea of not guilty and entered upon the trial, and it is the one under which he was convicted and sentenced.

We conclude, therefore, that there are no reversible errors disclosed in the record, and that the judgment of the county court of Kendall county should be affirmed, which is accordingly done.

*Judgment affirmed.*